ISRAEL LEAVITT

*vs.*

.INHABITANTS OF SCHOOL DISTRICT No. 19, in Harpswell.

Cumberland. . Opinion January 18, 1887.

*Real actions.    Title acquired during pendency of action.    Pleadings.    Costs.*

If, pending a real action for the recovery of land, the title to the land, and the right of possession, pass from the plaintiff and become vested in the defendant, this fact may be pleaded in bar of the further maintenance of the suit.

It must be specially pleaded in bar of the further prosecution of the suit, and not in bar of the suit generally.

When a plea in bar to the further prosecution of a suit is sustained, the plaintiff will recover his costs up to the time of the filing of the plea; and the defendant his costs subsequently incurred.

ON REPORT.

This is a writ of entry dated November 19th, 1882, to recover a lot of land containing five rods square, situated in School District No. 19. in the town of Harpswell.

It was agreed by the parties that at the time of the commencement of the plaintiff's action, he had a legal title to the lot in question; that prior to the commencement of said action, the defendant school district located a school-house lot on said premises, and erected a school-house thereon.

On the eighth day of April, 1885, the plaintiff moved into said school-house, with his family, and established it as his dwelling house, where they have resided ever since.

At the October term, 1885, the defendants filed the following plea:

" And now said defendants at this day, to wit, on the second day of said term, come and say that the said demandant ought not to have or further maintain his said action against them, because they say that previous to the commencement of this action, the said defendants designated, located, and laid out a school-house lot upon the real estate described in said writ and

declaration, upon which to erect a school-house for said district, and thereafterwards erected a school-house thereon; that by mistake or omission in the proceedings relating thereto, there was a failure to comply with the law relative to the laying out of a school-house lot and appraising the same, whereby such location was rendered invalid; that after the commencement of this action, and since the last continuance thereof, that is to say after the term of court begun and holden on the first Tuesday of April, A. D. 1885, from which term said cause was last continued, to wit, on the second day thereof, and before the present term, written application was made by said school district to the selectmen of said town, to wit, on the thirteenth day of April, A. D. 1885, to have the lot so designated and described re-appraised by them for a school-house lot; that such proceedings were had thereon; that thereafterwards, to wit, on the twenty-fourth day of April, A. D. 1885, said selectmen re-appraised said lot as set out, and affixed a fair value thereon, exclusive of improvements made by said district, and thereafterwards, to wit, on said twenty-fourth day of April, notified said district and the demandant of the sum at which said lot had been appraised, which said sum was thereafterwards, to wit, on the eighth day of May, 1885, tendered by the district to said demandant in payment of said appraisal, whereby said district and the inhabitants thereof, became and are entitled to the lawful and exclusive possession and occupancy of said real estate, so set out and appraised for a school-house lot; and the same became vested in them for said purpose, and the demandant became and is wholly divested of all right to the seizin and possession of same, and this the said defendants are ready to verify.

"Wherefore they pray judgment if the said plaintiff ought further to have or maintain his said action against them."

At the trial, after the admission of the plaintiff's title at the commencement of the action, the defendants offered in evidence the records of the defendants' school district, for the purpose of showing a re-appraisal of the lot as set forth in their plea.

Evidence was also introduced upon the question of tender.

The action was then reported by the consent of the parties for the full court to render such judgment as the law and evidence required.

*John J. Perry* and *D. A. Meaher*, for plaintiff.

An examination of the authorities will satisfy the court that there is no principle better settled than this : That in a real action, the defendant can not give in evidence an outstanding title acquired by him from a third person after the date of the writ.

The action can be maintained if the demandant has a right of entry at the time of bringing the suit. R. S., c. 104, § 5 ; see § § 4 and 8.

Justice WILDE, in giving the opinion of the court in *Andrews* v. *Hooper*, 13 Mass. 471, says : " The tenant can not be permitted to set up a title under a deed made since the commencement of the action. The evidence of a title thus acquired has been, I believe, uniformly rejected in our courts.

Lord ELDENBOROUGH says, in *Le Bret* v. *Papillon*, 4 East. 502 : " It may be considered as a settled rule of pleading that no matter of defense arising after action brought, can properly be pleaded in bar of the action generally."

The court in this state, in *Parlin* v. *Haynes*, 5 Maine, 178, quote *Andrews* v. *Hooper*, and squarely endorse the doctrine laid down in that case.

In a subsequent case, *Clark* v. *Pratt*, 55 Maine, 546, the court say : " If the tenant in a writ of entry, after action brought, purchase of a third person an outstanding title derived from the demandant himself, this can not be pleaded in bar of the action." And in this case, the case of *Parlin* v. *Haynes* is referred to and reaffirmed.

In another case, *Chick* v. *Rollins*, 44 Maine, 104, the court say, (it being a complaint for flowage) : " The case as now presented, is in the nature of a real action. The issue is touching the title to the premises. It is well established that a title in such actions acquired after the commencement of the suit, can not be allowed to be introduced to defeat the claim of the demandant."

In *Hall* v. *Bell*, 6 Met. 433, the court say : "To allow a tenant who holds without right at the time of the commencement of a suit, to avoid liability to pay costs, and acquire the right to tax costs, as the prevailing party, by the acquisition of an independent title pending the litigation, might work great injustice."

In *Tainter* v. *Hemenway*, 7 Cush. 573, the devisee under a will brought a writ to recover the land against one who had no title.    It was held that a sale and conveyance duly made by the trustee to the tenant, was no bar to the demandant's recovery.

In *Curtis* v. *Francis*, 9 Cush. 427, the court say : "If the plaintiff has a good cause of action, when his action is brought the defendant can not defeat it by showing an outstanding title in a stranger, or by procuring a new title to himself after action brought."

*Hooper* v. *Bridgewater*, 102 Mass. 512, is a case exactly in point.

It is admitted that the original location of the school-house lot was illegal and void, for the court has so decided.    *Leavitt* v. *Eastman and al.* 77 Maine, 117.

The proceedings must be in strict accordance with the provisions of the statute by virtue of which they were had. *Leavitt* v. *Eastman*, 77 Maine, 117 ; *Norton* v. *Perry and al.* 65 Maine, 183.

Where a school-house lot has been legally designated, and the owner thereof asks an unreasonable price, or refuses to sell, the municipal officers may lay out a lot and appraise the damages, and on payment or tender of damages  .  .  it may take such lot to be held for the purposes of a school-house lot.    Here, a tender is required before a lot can be "taken."    R. S., c. 11, § 57 ; *Storer* v. *Hobbs*, 52 Maine, 144.

Under the provisions of § § 59, 60, 61 and 62, of c. 11, R. S., no tender is required.    The sum fixed as  the value of such lot is to be assessed, collected and paid over, as provided in § 48.

This law of 1873, which authorizes school districts to "appraise" private property to which such district has no lawful title, and

which of itself give no title to such district, is a clear infringe-
ment of the vested rights of the owner.  It provides that in the
appraisal of a school lot, all buildings and improvements, put
upon the lot by the district, are to be excluded, and further
provides that such improvements enure to the benefit of the
district.

It has long been settled law that if a building be erected
without the assent and agreement of the land owner, it becomes
at once a part of the realty, and is the property of the owner of
the freehold.    *First Parish* v. *Jones*, 8 Cush. 184 ; *Poor* v.
*Oakman*, 104 Mass. 309 ; *Webster* v. *Potter*, 105 Mass. 414 ;
*Howard* v. *Fessenden*, 14 Allen, 128 ; *Oakman* v. *Dorchester
Ins. Co.* 98 Mass. 57 ; *Madigan* v. *McCarthy*, 108 Mass. 376.

*P. J. Larrabee* and *C. W. Goddard*, for the defendants,
cited upon the question of pleading : *Rowell* v. *Hayden*, 40
Maine, 582 ; 1 Chit. Pl. 657–8 ; 6 Dane's Abr. 30 ; 5 Bacon's
Abr. 477–8 ; *Yeaton* v. *Lynn*, 5 Pet. 230 ; Tyler, Ejectment,
468–9–70 ; *Stilphen* v. *Stilphen*, 58 Maine, 508 ; *Tufts* v.
*Maines*, 51 Maine, 393 ; *Morgan* v. *Dyer*, 9 Johns. 255 ;
*Le Bret* v. *Papillon*, 4 East. 502 ; *Covell* v. *Weston*, 20 Johns.
414 ; *Brown* v. *Brown*, 48 Am. Dec. 53 ; *Boyd* v. *Weeks*,
43 Am. Dec. 749 ; *Merchants' Bank* v. *Moore*, 2 Johns. 294.

WALTON, J.  The question is whether, if, pending a real
action for the recovery of land, the title to the land, and the
right of possession, pass from the plaintiff and become vested in
the defendant, this fact may be pleaded in bar of the further
maintenance of the suit.

Undoubtedly.  In *Rowell* v. *Hayden*, 40 Maine, 582, the
court held that where, after the commencement of his suit the
plaintiff conveyed the demanded premises to a third person, this
fact might be successfully interposed to the further maintenance
of the suit.    And if such is the law when the title has become
vested in a third person, *a fortiori*, such must be the law when
the title and the right of possession have become vested in the
defendant.    Why should the plaintiff recover the possession of
land after his right to the possession is extinguished, and it is

certain that he cannot hold it if it is given to him? And why should the defendant be deprived of the possession after he has in a lawful mode become the owner of the land, and entitled to the possession of it? It is believed no good reason can be given.

It is perfectly well settled that such a defence can not be made under the general issue. It must be specially pleaded. And it must not be pleaded in bar of the suit generally. It can be pleaded only in bar of the further prosecution of the suit. The effect then is, not to defeat the suit *ab initio*, but to stay its further prosecution; in which case the plaintiff will recover his costs up to the time of the filing of the plea, and the defendant will recover his costs incurred subsequently. In one sense, such a plea may be said to divide the suit into two actions, in the first of which the plaintiff is the prevailing party and entitled to costs, and in the second of which the defendant is the prevailing party and entitled to costs. This result avoids all supposed hardships, and deals out to both parties even handed justice,— a result devoutly to be wished for in all cases.

Such must be the judgment in this case. The demanded premises have been taken by the defendants for a school-house lot. Pending the suit, they have perfected their title to it. This has been done without the concurrence of the plaintiff; but it has been done under authority of the statutes of the state, and in the performance of a public duty imposed upon the defendants by law; and a title thus acquired is entitled to the same respect and to the same protection as one obtained in any other mode. The evidence satisfies us that the plaintiff has been tendered the appraised value of the lot, and that his right to the possession of it is extinguished. This fact is brought to the attention of the court by a proper plea; and it is the judgment of the court that the suit be no further prosecuted.

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.