[ Filed April 21, 1890. ]

BENJAMIN JANEWAY, RESPONDENT, v. JAMES M. HOLSTON, APPELLANT.

BILL OF EXCEPTIONS—WHAT IS NOT.—The stenographic notes taken at the trial of a cause, transcribed in full and copied in the record and signed by the trial judge, to which are prefixed a statement calling it a bill of exceptions, and the further statement that the following exceptions will be relied upon by the defendant, followed by a reference to the testimony of sundry witnesses, giving the page; all the cross-examination of a certain witness on a particular subject; all the testimony introduced on the part of the defendant; charge of the court to the jury, giving pages and certain lines,—do not constitute a bill of exceptions, or present anything for review on appeal.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.
XIX. OR.—7.

STRAHAN, J., delivered the opinion of the court.

This is an action for malicious prosecution in which the plaintiff recovered a judgment for $200 damages, from which the defendant appeals. The complaint states a cause of action and the verdict and judgment are in due form; but the appellant seeks a reversal on the ground of alleged errors occurring at the trial. For these, our attention is invited to an alleged bill of exceptions.

This paper consists of the stenographic report of the entire trial, prefixed to which is the following, after entitling the cause:—

BILL OF EXCEPTIONS.

The following constitutes the bill of exceptions in the above-entitled case, and the following exceptions will be relied upon by the defendant, to-wit:

Testimony of J. T. Smith, page 20 "a."

Testimony of A. T. Howarth, page 22 "a."

Testimony of A. M. Hoskins, page 24 "a."

Testimony of Wm. McCollum, page 26 "a."

Testimony of George Aborot, page 29 "a."

Testimony of Chas. Moore, page 30 "a."

Testimony of B. Janeway, page 12 "a."

Pages 10, 11, 12—all of cross-examination as to what witness was worth when he signed bail bond. All of the testimony introduced on the part of the defendant. Charges of the court to the jury—page 64; "a," "b," "c," "d."

The reporter's notes contain ample material from which a bill of exceptions might have been constructed, but the wildest liberty in the use of language cannot torture this writing into one. Section 230, Hill's Code, defines an exception, and section 231 points out the method of making the same a part of the record so as to present a question for review in this court; and we have several times endeavored to point out the necessity of observing these provisions of the Code in the preparation of a case on appeal. If these provisions of law be utterly disregarded, there is nothing presented which we can properly examine. It is

true we might labor through this voluminous roll of manuscript, and possibly find something which we might conceive to be erroneous; but it is not covered nor pointed out by a particular and specific exception and so separated from other matter that its identity can be known. Rather than to undertake to further define and point out the proper form of a bill of exceptions, we prefer to refer to precedents, a number of which may be found in sections 1141, 1142, *et seq.*, Green's Pleading and Practice under the Code. Any standard work on Code practice will furnish substantially the same forms.

There being no questions presented by the record for review on this appeal, the judgment of the court below must be affirmed.