Decided at PENDLETON, July 18, 1896.

## O'CONNOR *v.* VAN HOY.
[45 Pac. 762.]

1. ERRORS MUST APPEAR IN BILL OF EXCEPTIONS.— Errors must be apparent on the face of the record, or must be made to appear by the bill of exceptions, to secure their consideration by the appellate court.

2. FORM OF BILL OF EXCEPTIONS.— CODE, § 232.— While no particular form is prescribed for an exception or for a bill of exceptions, it is imperatively necessary that the exceptions be distinctly stated in the bill, and that about each exception be grouped sufficient facts to show the nature and influence of the ruling complained of: *State* v. *Clements*, 15 Or. 246, cited and approved.

3. DEFENSES ARISING AFTER COMMENCEMENT OF ACTION.— A defense arising after commencement of an action, but before the filing of the answer, may properly be set forth in such answer.

From Sherman: W. L. BRADSHAW, Judge.

Daniel O'Connor seeks by this action to recover from James M. Van Hoy and others possession of certain personal property consisting of one Buffalo-Pitt engine, one Buffalo-Pitt separator, and one Jackson self-feeder. The complaint alleges, in substance, the execution and delivery on March seventeenth, eighteen hundred and ninety-three, of a chattel mortgage in Klikitat County, Washington,

upon this and other property by the defendants to
one I. C. Richards, to secure a note of even date
executed by them to Richards, for the sum of three
hundred and seventy-five dollars, and to indemnify
and save him harmless from the payment of certain
other notes amounting to nine hundred and fifty
dollars, signed by him for their accommodation; the
engine, however, being subject to a prior mortgage
to secure the payment of about eight hundred
dollars. Subsequently, Richards sold and indorsed
the three-hundred-and-seventy-five-dollar note to the
plaintiff. During the summer of eighteen hundred
and ninety-four the defendants removed the prop-
erty into this state, and in November, eighteen
hundred and ninety-four, plaintiff took possession of
it in Sherman County, and, after advertising it as
required by the terms of the mortgage and the laws
of this state, in pursuance of the notice, offered it
for sale at public auction on the fifth day of De-
cember, eighteen hundred and ninety-four; and he,
being the highest and best bidder, became the pur-
chaser for fifty dollars, and thereby foreclosed the
mortgage as to said property. It is then alleged
that plaintiff is the owner and entitled to the pos-
session of said property, and that on or about June
twenty-eighth, eighteen hundred and ninety-five, de-
fendants wrongfully took and now detain the same
from him.

The answer, in effect, denies all the material alle-
gations of the complaint, except the execution of
the note and mortgage. It affirmatively alleges an
attempt on the part of plaintiff to sell said property

while in the possession of defendants, at which attempted sale he assumed to be the purchaser, and that by reason thereof the sale is void; that on or about June twenty-fifth, eighteen hundred and ninety-five, plaintiff forcibly took possession of the property, and that about four days thereafter the defendants, finding it abandoned, retook it, and are the rightful owners and entitled to the possession. The defendants set up two further and separate defenses.    The first is that prior to the commencement of the action they paid to Richards the full amount of said three-hundred-and-seventy-five-dollar note, and discharged the indebtedness of nine hundred and fifty dollars for the payment of which he was surety, and that plaintiff took the note with knowledge of such payment and discharge.    The second is, in effect, a plea of former adjudication touching the status of the mortgage set up in the complaint and the property in question, as affected by such mortgage, by the Superior Court of the State of Washington for Klickitat County, in a suit therein pending, wherein the defendants herein were plaintiffs, and the plaintiff herein and I. C. Richards were defendants.    It is said that by said suit it was in effect determined and decreed, the court having jurisdiction of the cause and the parties, that the plaintiffs in that suit were the owners of the property; that all the indebtedness which the mortgage had been given to secure had been paid except one hundred and seventy-five dollars, and interest at ten per cent. per annum from March seventeenth, eighteen hundred and ninety-three, due

upon the three-hundred and seventy-five-dollar note; that the plaintiff herein was the sole owner of said note, and that he had by virtue of said mortgage a lien upon the property involved in this action to secure the payment thereof. The suit was commenced June tenth and determined July eighth, eighteen hundred and ninety-five. Thereafter, on July tenth, eighteen hundred and ninety-five, the defendants in this action paid to plaintiff the sum of two hundred and sixteen dollars and eight cents, the amount due upon said note with interest, which he received and accepted, and thereupon surrendered the note and canceled said mortgage, and that thereby plaintiff released and relinquished all claim upon the property. The reply joins issue upon the first cause of defense *in toto*, practically admits the alleged adjudication, payment, and cancellation of the mortgage of the second cause, but denies that the effect was a release or relinquishment by plaintiff of all claim upon the property sued for, and alleges that at the time of the alleged payment and surrender of the note and cancellation of the mortgage, this action had been commenced. The parties gave evidence at the trial tending to support their several contentions. The verdict and judgment being for defendants, plaintiff appeals.

AFFIRMED.

For appellant there was a brief by *Messrs. C. J. Bright, W. B. Presby,* and *Alfred S. Bennett,* with an oral argument by *Mr. Bright.*

For respondents there was a brief by *Messrs. J. B. Hosford* and *Huntington and Wilson*, with an oral argument by *Mr. Bela S. Huntington.*

Opinion by MR. JUSTICE WOLVERTON.

1.  The first question made is touching the notice of appeal. It is contended by respondents that it does not specify the errors relied upon with such certainty or particularity as to inform them or the court of the issues to be tried on the appeal. The bill of exceptions consists of what purports to be an extended stenographic report of the trial as it proceeded from first to last, including the instructions to the jury, which is certified and signed by the judge of the court below. To illustrate the assignments of error touching the introduction of evidence, we give the following from the notice of appeal: "Plaintiff specifies the following errors committed at the trial of said cause, to which exceptions were allowed and upon which plaintiff relies upon this appeal to wit": "Upon cross-examination defendants' counsel asked said witness (Richards) the following questions, to wit, 'I understand you to say, Mr. Richards, that you did not at that time (March eighteenth, eighteen hundred and ninety-three,) in the presence of defendants and Mr. Dunbar, at Dunbar's office in Goldendale, say that the note for three hundred and seventy-five dollars was in The Dalles as collateral security, and that the two hundred dollars would be credited upon it.' Objected to; irrelevant, immaterial, and incompetent and not

proper cross-examination. Overruled. 'Didn't you receive from defendants in May, eighteen hundred and ninety-three, a note for about one hundred and eighty dollars?' Same objection; same ruling. 'Didn't you receive such a note at all?' Same objection; same ruling." "Defendants offered copy of mortgage from Van Hoy and Johnson to I. C. Richards, with indorsements thereon. Objected to as irrelevant, immaterial, incompetent, and not properly authenticated. Overruled." "Upon redirect examination of witness (Van Hoy), defendants offered in evidence copy of pleadings and decree of Superior Court of Klikitat County. Objected to as immaterial and irrelevant, incompetent, and not properly authenticated. Overruled." Upon turning to the bill of exceptions to determine upon what these assignments of error are based, we find that the first question is nowhere contained therein, the next is followed by the words, "Same objection; overruled," and to the third there appears to have been no objection made in any form. Referring back to see what was meant by "same objection," the first intelligible form we find is "Objected to as not proper cross," and this the court sustained. As touching the admission of the copy of the mortgage, the bill of exceptions shows that it was "objected on the grounds that it is incompetent, irrelevant, and immaterial," and as to the copy of pleadings and decree the record simply shows that they were "admitted over objections of counsel." What the objections were does not appear. The notice of appeal appears to have been framed without any regard to

the proceedings as actually recorded, and the alleged errors do not appear in the record as assigned in the notice. Errors at the trial must be made to appear by the bill of exception, unless apparent from the record; otherwise they cannot be the subject of review in the appellate court.

2. But, apart from this, the bill of exceptions does not present any questions touching the introduction of evidence in form or manner so as to make ·them readily available. The statute provides that "no particular form of exception shall be required," but the objection should be stated with so much of the evidence or other matter as is necessary to explain it and no more: Hill's Code, § 232. Mr. Elliott, in his Appellate Procedure, § 809, says: "It is not enough to state exceptions in the bill. The facts on which the exceptions are based are quite as important as the exceptions. Where the facts are not stated, there is nothing demanding consideration, for without them neither the character nor the influence of the ruling can be ascertained or determined." See *Phœnix Life Insurance Company* v. *Raddin*, 120 U. S. 195 (7 Sup. Ct. 500); *Kelly* v. *Murphy*, 70 Cal. 562 (12 Pac. 467). And such is the case under the practice in this state: *State* v. *Clements*, 15 Or. 246 (14 Pac. 410). The objection to the bill of exceptions is not so much that the facts are not stated in the record, for it purports to contain all the facts of the trial, but that they are not so grouped and stated with reference to the exceptions as to show the nature and

influence of the ruling upon which error is alleged. By reading the testimony of witnesses, *seriatim*, and noting the introduction of exhibits, etc., together with the objections, rulings, and exceptions, the court might be able to predicate a pertinent assignment of error, but this counsel should do. This court has heretofore in like instances declined to thus ascertain for itself the questions sought to be presented, (*Hamilton* v. *Gordon*, 22 Or. 557, 30 Pac. 495,) and we decline to do so in this case so far as the rulings upon the introduction of evidence are concerned.

However, the errors relied upon in the giving and refusal of instructions to the jury by the court are stated in the bill of exceptions with sufficient clearness to be definitely understood, and some of these we will examine. The decree of the Superior Court of the State of Washington for Klikitat County having determined the status of the mortgage in question, as it relates to the identical property here claimed, plaintiff cannot now claim ownership by virtue of a foreclosure of the mortgage and a purchase of the property by him, thus cutting off defendants' equity of redemption; but he was, after the rendition of said decree, entitled to the possession of said property under the mortgage, by its terms, for the purpose of foreclosing the same to satisfy his lien, and the matter so stood at the date of the filing of the complaint herein, July ninth, eighteen hundred and ninety-five. On the following day the defendants paid to plaintiff's attorney in Klikitat County the amount of the note with

interest, and secured a cancellation and release of
the mortgage.   In this state of the record the plain-
tiff asked and the court refused the following in-
struction: "If you find that at the commencement
of this action there was anything due upon said
mortgage, even though said sale might have been
void for irregularities or want of notice, the plain-
tiff would still be entitled to the possession of the
property, and you would find for the plaintiff."   And
the court gave, at defendants' instance, over objec-
tions, the following instruction: "If you believe from
the evidence that after the decree in the Superior
Court of the State of Washington for Klikitat
County, in the suit wherein Van Hoy and Johnson
were plaintiffs and Richards and O'Connor were de-
fendants, these defendants or either of them paid to
plaintiff or his attorney the amount found by said
decree to be due upon said note of three hundred
and seventy-five dollars, and was accepted by plain-
tiff in full payment and discharge of said note and
mortgage, then I charge you that said payment was
a redemption of said mortgaged property, and your
verdict must be for defendants."   Other instructions
of like nature were given, all over the objections of
plaintiff, but these are sufficient to illustrate the
question involved.   The refusal in the one instance,
and giving the instruction in the other, was not
error.   The action was for the recovery of specific
property, and the purpose of both these instructions
was to take the verdict of the jury touching the
property.   As we have seen, the plaintiff is wholly
dependent upon the mortgage for the establishment

29 OR.—35.

of his right to the possession, and cannot recover under any claim of ownership or title acquired by the alleged foreclosure. The payment of the mortgage debt and cancellation and release of the mortgage operated as a complete satisfaction of plaintiff's demand, and, as a consequence, his lien was discharged, and his title and right of possession to the property extinguished: Cobbey on Replevin, § 873; *Butler* v. *Tufts*, 13 Me. 306; *Shiver* v. *Johnston*, 62 Ala. 37; *Dryer* v. *Lewis*, 57 Ala. 554; *Askew* v. *Steiner*, 76 Ala. 218; and *Marcus* v. *Robinson*, 76 Ala. 550.

3. The payment and release, however, took place after the commencement of this action. But this did not preclude the defendants from availing themselves thereof as a defense. At common law matter of defense arising after issue joined could be interposed by a plea *puis darreign continuance*, which took the place of all former pleas: Stephen on Pleading, 64. The facts upon which the defense herein is based arose before issue joined, and the defendants were right in so pleading them in bar of the action: *Sadler* v. *Fischer*, 3 Ala. 200; *McDougald's Administrator* v. *Rutherford*, 30 Ala. 253; *Dryer* v. *Lewis*, 57 Ala. 554. Under our statute, (Hill's Code, § 107,) the parties may be allowed, on motion, to make a supplemental complaint, answer, or reply alleging facts material to the case occurring after the former complaint, answer, or reply. This provision would seem to be a substitute for the old practice of interposing a plea *puis darreign continuance*, but it does not reach a defense arising

before answer, but after the commencement of the action. Under these pleadings, with the introduction of evidence tending to their support, as was the case herein, the instruction last above quoted was proper, because if payment and release of the mortgage took place as alleged, it operates as an extinguishment of plaintiff's title, and hence he could not recover the property. For the same reason the instruction asked by plaintiff was improper. He was perhaps, entitled to costs up to the time of payment and cancellation of the mortgage, (*Leavitt* v. *School District*, 78 Me. 574,) but that question does not seem to· have been taken at the trial, and is not⸝ here for our determination. No error appearing by the record, the judgment of the court below must be affirmed.     AFFIRMED.

Decided at PENDLETON, July 18, 1896.