Decided 15 August, 1898.

**REYNOLDS v. JACKSON COUNTY.**

[53 Pac. 1072]

1. ASSIGNMENTS OF ERROR ON REPORTER'S NOTES.—Assignments of error cannot be based on the stenographic notes of the trial taken by the reporter unless they are properly preserved in a bill of exceptions: *McQuaid* v. *Portland Railroad Co.*, 19 Or. 535, applied.

2. BILL OF EXCEPTIONS—JUDGMENT ROLL.—No bill of exceptions is necessary to present on appeal the propositions that the lower court was without jurisdiction and that the complaint does not state a cause of action. The judgment roll is sufficient: *State* v. *Mack*, 20 Or. 234, followed.

3. EXCUSE FOR FAILURE TO FILE BRIEFS.— The practice as to allowance of time for filing briefs under rule 6 should be liberal, but the fact that co-counsel, or counsel and client, were disputing as to who should print the brief will not excuse failure to comply with the rules: *Swanson* v. *Leavens*, 26 Or. 561, *Close* v. *Close*, 28 Or. 108, and *Neppach* v. *Jones*, 28 Or. 286, cited and applied.

From Jackson : HIERO K. HANNA, Judge.

Action by Daniel Reynolds against Jackson County, in which the former had judgment. Heard on motions to strike and to affirm.

AFFIRMED.

For the motion there was an oral argument by *Mr. J. R. Neil.*

*Contra* there was an oral argument by *Mr. Edward B. Watson* and *Mr. J. A. Jeffrey*, district attorney.

PER CURIAM. This appeal is prosecuted by the defendant. The plaintiff moves, upon notice to defendant, to

strike from the transcript the reporter's notes of the evidence and trial in the court below, and to dismiss the appeal, for the reason that the errors assigned in the notice of appeal do not appear by bill of exceptions. At the hearing, the respondent filed another motion, to affirm the judgment appealed from, upon the ground that appellant had failed to file and serve its brief in conformity with rule 6 (37 Pac. vi.) of this court. By stipulation of the parties, both motions were heard and submitted together.

1. There being no bill of exceptions signed or allowed by the trial judge, the reporter's notes are unavailable upon which to base assignments of error on the appeal. *McQuaid* v. *Portland Railroad Co.*, 19 Or. 535 (25 Pac. 26).

2. But the questions presented by the demurrer, that the court is without jurisdiction, and that the complaint does not state facts sufficient to constitute a cause of action, come with the record or judgment roll, and no bill of exceptions is necessary to assign them. *State* v. *Mack,* 20 Or. 234 (25 Pac. 639). The motion to strike the reporter's notes from the transcript should therefore be allowed, and the one to dismiss be denied.

3. Upon the motion for judgment, it appears that the transcript was filed on the twenty-fourth of September, 1897, and the printed abstract on October 7, but that, at the time of the hearing, the appellant had not filed its brief, although much longer time had elapsed than twenty days after service of such abstract. Affidavits were filed in excuse of the default, based upon a misunderstanding or rather dispute between co-counsel touching the party who should be employed to print the briefs. While the court has been liberal, if reasonable excuse is offered, in relieving parties from default in complying with the rules adopted for the dispatch of its business,

yet, unless a good reason exists for such default, we cannot set them aside or disregard them. *Swanson* v. *Leavens*, 26 Or. 561 (40 Pac. 230); *Close* v. *Close*, 28 Or. 108 (42 Pac. 128); *Neppach* v. *Jones*, 28 Or. 286 (39 Pac. 999). The exculpatory facts relied upon do not furnish a sufficient excuse for the default, and the judgment of the court below will therefore be affirmed.

AFFIRMED.

Decided at PENDLETON, 13 August, 1898.