Argued 7 November; decided 11 December, 1899; rehearing denied 26 February, 1900.

### MACMAHON *v.* DUFFY.

[ 59 Pac. 184.]

1. CONTENTS OF BILL OF EXCEPTIONS.—A bill of exceptions embracing a transcript of all the evidence, and showing the exceptions taken to rulings excluding certain testimony, without any statement showing the materiality or competency of the excluded testimony, is insufficient to present any question arising from the introduction or rejection of evidence: *O'Connor* v. *VanHoy*, 29 Or. 505, cited.

2. PLEADING—PRESUMPTION OF TIME OF PAYMENT FOR SERVICES.—In an action for the value of specified services the complaint is sufficient where it shows the dates of the different services and their total value, though it does not allege when the amount claimed fell due.

3. APPEAL—ERROR FAVORABLE TO DEFEATED PARTY.*—A defeated party will not be heard to complain because the verdict against him was not as large as it might have been.

From Multnomah : ALFRED F. SEARS, JR., Judge.

*NOTE.—Error in Favor of Defeated Party is Harmless: *State* v. *Weaver*, 35 Or. 416; *Robinson* v. *Carlon*, 34 Or. at p. 321.

Error is Harmless When Immaterial: *Fowler* v. *Phœnix Ins. Co.* 35 Or. 559; *State* v. *Moore*, 32 Or. 65; *Koshland* v. *Hartford Ins. Co.* 31 Or. 402; *Strickland* v. *Geide*, 31 Or. 373.—REPORTER.

Action by M. J. MacMahon against John F. Duffy. The complaint states two causes of action :  The first, in effect, that plaintiff was and is a practicing attorney, and as such permitted to practice in the State of Washington ; that defendant employed him to foreclose a certain chattel mortgage, given to secure a note of $600 and interest, in the Superior Court of Clark County, Washington, and agreed to pay him for his services therein the sum of $200 in case he obtained a decree, and in addition thereto, such sum as the court should allow as attorney's fees in the suit ; that plaintiff performed the services in pursuance of his employment, and in due course obtained a decree for defendant in the sum of $803, together with costs and disbursements, and $80 attorney's fees.   The second, that "between March, 1894, and April 28, 1895, at the request of defendant, he (plaintiff) acted as attorney for defendant in various matters, and in negotiating and making loans, and in examining and fixing the valuation of properties, of a reasonable and agreed value of $50, no part of which has been paid."   The defense interposed to the first cause is that plaintiff agreed to prosecute said suit for such sum only as the court should allow as a reasonable attorney's fee therein, but that, after commencing the same, he abandoned it, and by reason thereof it was turned over to another attorney, who carried it to a successful termination, and received and retained the attorney's fee allowed by the court.   The answer to the second cause consists of specific denials only.   The verdict was for the plaintiff in the sum of $130, and, judgment having been entered thereon, defendant appeals.                            Affirmed.

For appellant there was a brief over the names of *Carey & Mays, Lionel R. Webster,* and *Robert W. Galloway,* with an oral argument by *Mr. Franklin Pierce Mays.*

For respondent there was a brief over the names of *Chas. Jones McDougall* and *James Gleason,* with an oral argument by *Mr. Michael J. MacMahon in pro per.* and *Mr. Gleason.*

Mr. Chief Justice Wolverton, after stating the facts, delivered the opinion of the court.

1.   Some exceptions were taken to the refusal of the court below to admit certain testimony, and to its admission, over objections, of other testimony, which rulings, it is claimed, were prejudicial to the appellant.   The bill of exceptions sets forth that, "after the opening statement of counsel, the parties, plaintiff and defendant, offered and introduced each, respectively, in support of the issues on his part, the evidence as shown by the transcript of the evidence hereto attached ; all of which is hereby incorporated in and made a part of this bill of exceptions. This transcript of the evidence embraces and includes all the evidence offered or introduced upon said trial, and is made a part of the bill of exceptions for the reason that the exceptions reserved by appellant cannot otherwise be presented to the supreme court."   It then shows that exceptions were taken to the rulings of the court, on defendant's objections to certain questions propounded to witnesses, without any statement in reference thereto which would in any way serve to show the materiality or competency of the testimony rejected or admitted ; thus imposing the labor upon this court of searching through a voluminous transcript of the evidence, and formulating therefrom a statement showing the materiality or otherwise of the matter with reference to which complaint is made.   Such is not our province, and, if we should undertake it, it might differ materially from that which counsel would formulate, and the court below approve, in a bill of exceptions ; and for that reason we will not

attempt to determine the questions arising upon, or grow-
ing out of, the introduction or rejection of the evidence.
As illustrative of the principal and practice here involved
in the formulation and settlement of the bill of excep-
tions, see *Eaton* v. *Oregon Ry. & Nav. Co.* 22 Or. 497 (30
Pac. 311); *Hamilton* v. *Gordon*, 22 Or. 557 (30 Pac. 495) ;
*O'Connor* v. *Van Hoy*, 29 Or. 505 (45 Pac. 762).

2.   Complaint is made that the court should have in-
structed the jury, at the request of defendant, that no
recovery could be had upon the second cause of action,
because the complaint fails to state when the amount
claimed fell due.   The cause is based upon an implied
contract arising from the performance of professional ser-
vices by plaintiff for the defendant, at his request, and
the reasonable value of such services is claimed as his
compensation.   The presumption in such case is that the
compensation is due when the services are performed,
and the dates of such performance are definitely alleged.

Another assignment of error is predicated upon the
court's refusal to instruct that, if plaintiff agreed to re-
ceive for his services the amount of the recovery in excess
of $600, then that he could not recover on the contract
set out.   The assignment is unavailable, for two reasons :
(1) The refused instruction was substantially covered by
the general one, wherein the jury was charged that it
must find for plaintiff upon the contract alleged or not
at all ; and (2) the defense interposed was that plaintiff
abandoned his contract, and the instruction was not perti-
nent to that theory.

3.   And, lastly, it is insisted that the verdict is incon-
sistent with the issues made by the pleadings ; that, the
first cause being based upon an express contract for the
payment of the sum of $280, and the latter upon an im-
plied contract for the payment of $50, it is apparent the
jury split up the first demand, which it is claimed was

beyond its power, and that it should have found for the whole sum, or for defendant on the count. But the defendant ought not to be heard to complain that the verdict against him was not as large as it might have been under the pleadings. Such condition might afford matter of complaint for the plaintiff, but not for him.

AFFIRMED.