Argued 13 February; decided 11 March, 1901.

## NOSLER *v.* COOS BAY NAVIGATION CO.

[63 Pac. 1050, 64 Pac. 855.]

APPEAL—STENOGRAPHER'S NOTES AS PART OF THE RECORD.

1. A transcript of the stenographer's notes of the trial are not part of the transcript on appeal and do not form part of the record before the supreme court, unless made a part of the bill of exceptions: *Reynolds* v. *Jackson County,* 33 Or. 422, cited.

BILL OF EXCEPTIONS—TRANSCRIPT OF PROCEEDINGS.

2. A document which consists of a copy of all the proceedings at a trial, with an .order of court approving the copy and directing the clerk to attach it to the bill of exceptions, and which is so attached, is not a part of such bill, for it is not embodied therein, nor was it attached thereto when the bill was signed. An identification of a transcript of the stenographer's notes by the trial judge, with a direction to attach it to the bill of exceptions does not make such transcript a part of the bill: *Roberts* v. *Parrish,* 17 Or. 583, applied.

BILL OF EXCEPTIONS—STENOGRAPHER'S MINUTES.

3. Under Section 232, Hill's Ann. Laws, directing that a bill of exceptions shall set out the objections made with only so much matter as may be necessary to explain them, a transcript of all the proceedings during the trial is not a bill of exceptions: *MacMahon* v. *Duffy,* 36 Or. 150, applied.

SUPREME COURT—EFFECT OF MOTION.

4. Where the effect of granting a motion will be to leave the record in such a condition that the questions sought to be presented cannot be considered, the motion will be treated as one to affirm, and an order will be entered accordingly: *Fisher* v. *Kelly,* 26 Or. 249, cited.

APPEAL—EFFECT OF MOTION TO STRIKE BILL OF EXCEPTIONS.

5. Where an appeal was taken in the manner and within the time prescribed by law, and abstracts and briefs were filed as required by the rules of court, the appeal will not be dismissed, or judgment affirmed, on motion to strike the transcript because of defects in the bill of exceptions, since the jurisdiction of the court and the sufficiency of the complaint could be raised without a bill of exceptions, and a defective bill might be amended.

From Coos.

Action by J. T. Nosler, administrator of the estate of Matilda E. Nosler, against the Coos Bay, Roseburg & Eastern Railroad & Navigation Company. From a judgment in favor of the plaintiff, defendant appeals. A motion to strike out part of the record was granted and the judgment affirmed.

40 Or.— 20.

On rehearing the order was modified by eliminating the affirmance clause, but subsequently, on a second motion, the judgment was affirmed without an opinion.      AFFIRMED.

ON MOTION TO STRIKE OUT PART OF THE TRANSCRIPT.

*Mr. Edw. B. Watson,* for the motion.

*Mr. S. H. Hazard, contra.*

PER CURIAM.    This is a motion to strike from the files what purports to be a transcript of the stenographer's notes of the proceedings had at the trial in the court below from the impaneling of the jury to the rendition of their verdict, which covers three hundred and twenty-six pages of the printed abstract, and is designated as ''Transcript of Trial,'' for the reason that it is not properly part of the record.

1. A transcript of the stenographer's notes of the trial of an action at law is no part of the record on an appeal to this court, unless made so by a bill of exceptions: *McQuaid* v. *Portland & Vanc. R. Co.* 19 Or. 535 (25 Pac. 26) ; *Reynolds* v. *Jackson County,* 33 Or. 422 (53 Pac. 1072).

2. Now, the bill of exceptions in this case simply recites the appointment of the stenographer, the fact that he took down in shorthand all the evidence given, offered, and received on the trial, all exceptions and objections made by the attorneys for the parties during the course of the trial, and the instructions of the court, and other proceedings connected therewith; that he transcribed his notes into longhand in due form, and entitled the same ''Transcript of Trial,'' and certified and filed it with the clerk.    Then follows an order of the court, ''that said transcript of trial, so made by said W. U. Douglas, and so filed in said court, be, and the same hereby is, made a part of this bill of exceptions, the same as if it were copied therein; and the clerk of this court is hereby ordered and directed, in making a transcript of this action for appeal to the supreme court, to make a copy of said transcript of trial so made by W.

U. Douglas, and to attach the same to this bill of exceptions as
a part thereof.'' It then proceeds to recite that ''such tran-
script of trial has been examined and approved as correct,
except as hereinafter changed or modified.'' Then follows a
reference by pages and questions to certain matters that oc-
curred during the trial, and certain explanations are made in
reference thereto, but the bill does not contain, or purport to
contain, the statement of any objection or exception, ''with so
much of the evidence or other matter as is necessary to explain
it,'' as required by Section 232, Hill's Ann. Laws. In *Roberts
v. Parrish,* 17 Or. 583 (22 Pac. 136), it was held that, although
a bill of exceptions recited that a certain deposition was made
a part thereof, it was insufficient to present for consideration
any alleged errors relating to matters contained in such deposi-
tion. The court, speaking through Mr. Justice STRAHAN, said:
''To become a part of the record, it (the deposition) must be
either copied into the bill of exceptions, or attached to the
same as an exhibit, and marked so that the same may be iden-
tified.  *  *  *   What is claimed to be the deposition of the
plaintiff in this case is not even attached to the bill of excep-
tions, but is copied, and sent up with a large mass of other use-
less matter. We cannot, therefore, determine whether the an-
swers to those questions were prejudicial to the appellant or
not.'' This decision would seem to be controlling, so far as the
present motion is concerned. In the case at bar, the transcript
of the trial was copied, and sent up by the clerk, but it was not
embodied in or attached to the bill of exceptions at the time
it was signed. Under the statute and practice in some juris-
dictions, an authentication by the trial judge of the transcript
of the stenographer's notes, with a direction by him that it
shall be considered a part of the bill of exceptions, is sufficient
to make it so: 3 Ency. Pl. & Pr. 436. But such has never been
the practice in this state, nor is it authorized by the statute.
The reporter's notes contain material for, but do not consti-
tute, a bill of exceptions; nor can they be made such by any
certificate of identification the trial judge might make.

3. And, even if what purports to be a transcript of the ste-

nographer's notes had been copied into the bill of exceptions, or attached thereto, and made a part thereof, it would still not conform to the requirements of the statute. Section 230 defines an exception, and section 231 points out the method of making the same a part of the record so as to present a question for review in this court; and we have repeatedly held that these provisions of the statute must be observed, and have refused to search through a mere transcription of the shorthand notes of the trial for the purpose of ascertaining whether it showed error or not. The court has spoken so often on this question that we need do nothing more at this time than refer to the decisions: *Janeway* v. *Holston,* 19 Or. 97 (23 Pac. 850); *Eaton* v. *Oregon Ry. & Nav. Co.* 22 Or. 497 (30 Pac. 311); *O'Connor* v. *Van Hoy,* 29 Or. 505 (45 Pac. 762); *Reynolds* v. *Jackson County,* 33 Or. 422 (53 Pac. 1072); *MacMahon* v. *Duffy,* 36 Or. 150 (59 Pac. 184). So that we conclude the motion in this case is well taken, and, as the questions sought to be presented on the appeal can only be made to appear by a bill of exceptions, the motion will be treated as for an affirmance, and the judgment will be affirmed accordingly: *Fisher* v. *Kelly,* 26 Or. 249 (38 Pac. 67).        Affirmed.

Decided 4 May, 1901.

On Motion for Rehearing.

Per Curiam. Generally speaking, an appeal should not be dismissed or judgment affirmed in advance of a hearing in its order on account of a defective bill of exceptions, or even a want thereof: 2 Ency. Pl. & Pr. 346; 3 Ency. Pl. & Pr. 511; *Corder* v. *Speake,* 37 Or. 105 (51 Pac. 647). The jurisdiction of the court, the sufficiency of the complaint, and perhaps other questions, can be raised on appeal without such a bill. Moreover, a bill of exceptions, which, through inadvertence or mistake, has been incorrectly made up, may, by order of the trial court entered *nunc pro tunc* on proper notice be so amended as to make it conform to the facts, even though an appeal is pending: *State ex rel.* v. *Estes,* 34 Or. 196 (51 Pac. 77, 52 Pac.

571, 55 Pac. 25). When, therefore, an appeal has been taken in the manner and perfected within the time allowed by law, and the rules of this court in the matter of filing abstracts and briefs have been complied with, it ought not to be dismissed or affirmed on motion because of some defect in the bill of exceptions.

Upon the other points the petition is without merit. The acts authorizing the appointment of official reporters have not, in our opinion, changed or modified the law in reference to bills of exception and the settlement thereof. The only way to make oral matter or oral evidence in a law action a part of the record is by incorporating it into a bill of exceptions, or by annexing it thereto as an exhibit, and thus making it a part thereof. The portion of the order affirming the judgment, being technically erroneous, will therefore be vacated, and a rehearing denied.          AFFIRMED; REHEARING DENIED.

Decided 16 December, 1901.