Submitted on motion to dismiss December 29, 1908, decided February 2, 1909.
On motion to strike bill of exceptions, submitted February 23, decided June 15, 1909.

## OLDLAND v. OREGON COAL & NAV. CO. *

[99 Pac. 423; 102 Pac. 596.]

APPEAL AND ERROR—REVIEW—INTERMEDIATE ORDERS—ORDER GRANTING NEW TRIAL.

1. Prior to Act February 25, 1907, (Laws 1907, p. 313), providing for entry of judgment within the day in which verdict is rendered, and that the judgment may be set aside and a new trial granted for specified causes upon motion filed within a day after entry of judgment, and that an order setting aside a judgment and granting a new trial for the purpose of review shall be deemed a judgment or decree, a new trial was secured by motion to set aside the verdict before rendition of judgment, and an order granting a new trial was intermediate and interlocutory, and error therein constituted error in the final judgment, and, so far as the error in the order was reviewable, was assignable as error on appeal from the judgment; Section 557, B. & C. Comp., providing that "upon an appeal the court may review and intermediate order involving the merits or necessarily affecting the judgment or decree appealed from."

APPEAL AND ERROR — DECISIONS REVIEWABLE — INTERMEDIATE ORDERS— MERGER IN FINAL JUDGMENT.

2. The purpose of Act February 25, 1907 (Laws 1907, p. 313), providing for entry of judgment on the day verdict is rendered, and for the setting aside of the judgment and granting of a new trial upon motion filed within a day after entry of judgment, and that an order setting aside a judgment and granting a new trial for purposes of review shall be deemed a judgment or decree, was to furnish a more speedy remedy than that provided by Section 557, B. & C. Comp., allowing the appellate court to review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and the right of appeal from the intermediate order, if not previously exercised, is merged into the right of appeal from the final judgment, and thereafter the right of separate appeal from the order and judgment does not exist, and so much of a notice of appeal from an order setting aside a former judgment and granting a new trial and from the final judgment as relates to the order may be treated as surplusage, and the notice is not duplicitous, necessitating dismissal of the appeal.

EXCEPTIONS, BILL OF—INCORPORATION OF EVIDENCE—AMOUNT OF EVIDENCE.

3. Under Section 171, B. & C. Comp., providing that no particular form of exceptions is required to be taken at the trial to a decision upon a matter of law, and that the objections shall be stated with so much of the evidence or other matter as is necessary to explain it and no more, the fact that a motion was made to set aside the judgment and grant a new trial for insufficiency of the evidence, which motion is denied, is not a sufficient reason to incorporate in a bill of exceptions all the evidence, in the absence of a motion at the trial for a directed verdict, since the refusal of a motion to set aside a judgment is such case is discretionary and not reviewable.

*This case was settled and dismissed by stipulation, January 25, 1910.
                                                            REPORTER.

EXCEPTIONS, BILL OF—AMOUNT OF EVIDENCE—STRIKING OUT.

4. Where, under Section 171, B. & C. Comp., providing that objections to rulings shall be stated in the bill of exceptions with so much of the evidence or other matter as is necessary to explain it and no more, a bill of exceptions is manifestly too voluminous in setting out all the evidence, the court will not strike it from the files, but will decline to examine the questions sought to be presented, so far as they relate to the rulings of the court upon the evidence.

From Coos: JAMES W. HAMILTON, Judge.

This is an action by Stanley Oldland against the Oregon Coal & Navigation Company.   From an order setting aside the judgment in favor of the defendant and granting a new trial, and a judgment in favor of the plaintiff at the new trial, defendant appeals.   Respondent now files motion to dismiss the appeal.   MOTION DENIED.

*Messrs. Watson & Beekman* and *Messrs. Hall & Hall* for the motion.

*Mr. Joseph W. Bennett, Mr. John S. Coke* and *Mr. A. J. Sherwood, contra.*

Opinion by MR. COMMISSIONER SLATER.

1. Plaintiffs have moved to dismiss the appeal in this case upon the ground of duplicity in the notice.   It embraces an appeal from an order of the trial court, setting aside a judgment obtained by the defendant upon the second trial of the case and granting a new trial, and also an appeal from a judgment in favor of plaintiff, obtained at the third trial.   The contention in support of the motion is that, under the statutes and settled practice in this State, only one appealable order, judgment, or decree can be brought into this court by one appeal; that by the act of February 25, 1907 (Laws 1907, p. 311), an appeal lies from an order setting aside a judgment and granting a new trial; that such an order and the judgment are independent of each other, and each appealable to this court separately, and not jointly; and that the attempt to bring both to this court for review by one notice of appeal, one undertaking, and one transcript is a

"double appeal," and for that reason is invalid and ineffectual to confer jurisdiction. In support of this contention counsel have cited many authorities where appeals have been dismissed because of this double character, but an examination will disclose that nearly all of them are appeals from distinct judgments or decisions made in different proceedings; and in such cases it was held that the notices of appeal and subsequent proceedings, to confer jurisdiction, must be distinct for each proceeding. *Brown* v. *Spofford,* 95 U. S. 474 (24 L. Ed. 508) ; *Roach* v. *Baker,* 145 Ind. 330 (43 N. E. 932: 44 N. E. 303) ; *Wells* v. *Coker Bank Co.,* 113 Ga. 857 (39 S. E. 298) ; *Valdosta Guano Co.* v. *Hart,* 119 Ga. 909 (47 S. E. 212) ; *Brown* v. *Louisville R. Co.,* 117 Ga. 222 (43 S. E. 498) ; *Center* v. *Fickett Paper Co.,* 117 Ga. 222 (43 S. E. 498) ; *Harris* v. *Harris,* 2 R. I. 538; *Cauley* v. *Railway Co.,* 95 Pa. 398 (40 Am. Rep. 664) ; *Renn* v. *Samos,* 42 Tex. 104.

The act of 1907 (Laws 1907, p. 313) provides, in substance, that judgment shall be entered within the day in which the verdict is rendered, that such judgment may be set aside and a new trial granted for certain specified causes materially affecting the substantial rights of the complaining party, upon a motion being filed within one day after the entry of the judgment, and that an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree. Prior to such enactment a new trial was secured by a motion before rendition of judgment to set aside the verdict, and under that procedure an order granting a new trial was held to be intermediate and interlocutory, and error therein constituted error in the final judgment, and, so far as the former was reviewable, was assignable as error on appeal from the judgment. *Multnomah County* v. *Willamette T. Co.,* 49 Or. 204 (89 Pac. 389) ; *Hoover* v. *King,* 43 Or. 281 (72 Pac.

880: 65 L. R. A. 790: 99 Am. St. Rep. 754); *Scott* v. *Ford* 52 Or. 288 (97 Pac. 99). This holding was evidently based upon the effect of Section 557 B. & C. Comp., which is, in substance, that "upon an appeal, the appellate court may review any intermediate order involving the merits, or necessarily affecting the judgment or decree appealed from"; and this is still in force.

2. It becomes necessary, therefore, to determine the effect of the act of 1907, when taken in connection with Section 557, upon the former practice of this court. So far as we are able to determine from the wording of the act, there was no other reason or purpose in making this change in the law than to furnish to a party whose judgment had been thus set aside a more speedy remedy to test the validity of such an order, without being put to the expense and loss of time in waiting for a final judgment from which to appeal. No substantial reasons occur to us requiring the review of such an order separate from a review of the final judgment; and, other than to furnish a more speedy remedy, we think none was in the mind of the legislature when it made this change. If this is the reason of the law, then it follows that the right of appeal granted by the statute from an intermediate order, if not previously exercised, ceases upon rendition of judgment, or rather is merged into the right of appeal from the final judgment, and thereafter the right of separate appeal from the order and judgment does not exist. Therefore so much of the notice of the present appeal as relates to the order setting aside the former judgment and granting a new trial may be treated as surplusage.

In Wisconsin, by statute, there was a right of appeal from interlocutory orders, and the statutes of that state also required the court, upon appeal from a judgment, to review interlocutory orders involving the merits and affecting the judgment. In *American Button Hole Co.* v.

*Gurnee,* 38 Wis. 533, 535, the defendant, by one notice, attempted to appeal from an order overruling his demurrer to the complaint, and also from the judgment entered against him the same day. Upon a motion to dismiss the appeal on the ground that it was double, the Supreme Court by Mr. Chief Justice RYAN, after stating the requirement of the statute mentioned above, said:

"From orders involving the merits and affecting the judgment, appeals after judgment are therefore unnecessary. Separate appeals from such orders after judgment would be litigious and oppressive. If they could properly be taken, and should be taken, pending appeal from the judgment, they would be dismissed. *Young* v. *Groner,* 22 Wis. 205. The appropriate appeal is from the judgment bringing here for review all such orders, as well as the judgment itself."

It was held in that case that the statutory provision referred to operated to determine the right of interlocutory appeal upon final judgment, and that the review of interlocutory orders upon appeal from judgment was intended to supersede appeals from such orders after judgment. Nevertheless the court dismissed the appeal because the notice was double in form, although not double in fact, following a number of previous decisions of that court; but later, in the case of *Ballou* v. *Chicago & N. W. Ry. Co.,* 53 Wis. 150 (10 N. W. 87) that court expressly overruled the part of the opinion in *American Button Hole Co.* v. *Gurnee,* 38 Wis. 533, 535, which dismissed the appeal because of duplicity in the notice, although double only in form, saying, "We are now satisfied that this rule is unnecessarily technical and harsh and should be modified," thereby leaving stand the reasoning of the former opinion that the right of appeal from the interlocutory order was determined by the entry of the judgment and merged therein. To the same effect is *Hackett* v. *Gunderson,* 1 S. D. 479 (47 N. W. 546) ; *Kinney* v. *Brotherhood of American Yeomen,* 15 N. D. 21

(106 N. W. 44) and *MacGinniss* v. *B. & M., Co.,* 29 Mont. 428 (75 Pac. 89).

The motion should be denied.                    DENIED.

Submitted February 23, decided June 15, 1909.

## ON MOTION TO STRIKE BILL OF EXCEPTIONS.

(102 Pac. 596.)

Opinion by Mr. Chief Justice Moore.

This is a motion to strike from the files transcripts of testimony which have been sent up to this court as bills of exceptions. This cause was thrice tried. At the first trial the jury failed to agree, and were discharged. At the second trial the defendant secured a verdict and judgment dismissing the action. This judgment was, on motion of plaintiff's counsel, set aside and a new trial ordered. The plaintiff at the third trial obtained a judgment, and the defendant appealed therefrom and also from the order granting the new trial. The appeal having been perfected, there was filed with the clerk of this court a certified copy of the judgment roll herein, and also what are designated as volumes 1, 2, and 3 of bills of exceptions. Volume 1 consists of nine pages of instructions, and of a transcript of the stenographic notes of all the testimony given at the second trial, comprising 342 typewritten pages; volume 2 is made up of the exhibits which were received in evidence; and volume 3 is formed of a copy of the stenographer's notes of the testimony given at the third trial, transcribed into longhand, containing 495 pages, and of copies of the instructions given and of those requested at the last trial, comprising 19 pages, making a total of 962 pages. The motion interposed in this court assails what purports to be the transcripts of the second and the third trials, on

the ground that the parts thereof, designated as "bills of exceptions," though containing statements of all the objections offered at the trial to the introduction, rejection, or exclusion of testimony, and the exceptions allowed, also include more of the testimony than is requisite to illustrate the alleged deviation from the established rules of evidence.

The statute directs that no particular form of exception is required to be taken at the trial to a decision upon a matter of law, and contains the further clause: "The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more." Section 171, B. & C. Comp. It does not appear that defendant's counsel, at the second or the third trial, moved for a directed verdict for his client. In justification of the magnitude of the transcript of the last trial, attention is called to a motion to set aside the judgment rendered thereat, on the ground, *inter alia,* of the insufficiency of the evidence to uphold the verdict. If, for the reason assigned, the judgment given at the third trial had been annulled and the action of the court challenged by the plaintiff's counsel on appeal, it might have been necessary to file in this court a certified copy of sufficient of the testimony to negative and disprove the assertion in the motion, so as to determine therefrom whether or not an error had been committed in granting the assumed new trial. It will be borne in mind, however, that the last judgment was not abrogated. An order setting aside a judgment and granting a new trial is, for the purpose of being reviewed, deemed a judgment or a decree from which an appeal lies. Section 547, B. & C. Comp., as amended (Laws 1907, p. 313, § 6). The change in the statute limits the appeal to an order granting a new trial. The rule established prior to such amendment necessarily remains in force, and a motion to set aside a verdict and for a new trial, on the ground of the insufficiency of the

evidence, is addressed to the sound discretion of the trial court, and its discretion will not be reviewed where the defeated party made no motion at the trial for a judgment of nonsuit or for a directed verdict.   *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189) ; *Crossen* v. *Oliver,* 41 Or. 505 (69 Pac. 308) ; *Ruckman* v. *Ormond,* 42 Or. 209 (70 Pac. 707).

The reason assigned by defendant's counsel for sending up a copy of the entire testimony given at the third trial will not justify such procedure, in the absence of a motion for a directed verdict.   From a hasty examination of the transcript last mentioned, it appears that the defendant's counsel reserved twenty exceptions to the admission, rejection or exclusion of testimony. We believe that an average of one typewritten page of testimony or of a statement of the substance thereof would have been all that was required to explain any exception saved, and we conclude that a bill of exceptions containing more than twenty pages of testimony would transgress the rule prescribed.   Section 171, B. & C. Comp.   Instead of condensing the bill as indicated, 495 pages of the transcript, relating to the third trial, are occupied in setting forth the testimony, or 475 pages more than are necessary.

Considering the transcript of the second trial, it is evident, from an opinion filed by the judge, that the judgment was vacated in consequence of the giving of what was considered an erroneous instruction, which ignored the legal principle that, in the absence of notice of imminent danger, the employee has the right to assume that the place in which he is required to perform his labor is reasonably safe.   The efficacy of the last judgment necessarily rests upon the validity of the order vacating the preceding judgment.   If the action of the court in this respect is limited to the part of the charge referred to, and the instruction is assumed to be a correct statement of the law is such cases, the defendant would be required

in order to show the error in setting aside the judgment, to incorporate in the bill of exceptions testimony, if any had been offered, tending to show that the plaintiff was aware of the danger to which he was exposed. One page of testimony would, undoubtedly, have been ample for that purpose. The motion to vacate the judgment given at the second trial assigned other reasons than the giving of the instruction mentioned. In resisting the application for a new trial, it was incumbent upon defendant's counsel orally to call attention to such parts of the testimony as would have negatived the several assignments of error stated in the motion, relating to the admission, rejection, or exclusion of evidence. The issue thus presented when the motion was argued is undoubtedly the question brought up for review from the order granting a new trial. The substance of the testimony adverted to was then probably remembered by the court, and by the counsel for the respective parties. A transcript of such testimony, and no more thereof, should have been incorporated in the bill of exceptions relating to the second trial. Our estimation of the exact number of typewritten pages which would have been adequate will not be given; but we believe, however, that, on the ground that the greater part of the evidence is unnecessary, the transcript of the entire testimony given at the second trial is too voluminous to constitute a bill of exceptions. This court, however, will not strike from the files the bills of exceptions prepared as indicated herein, but will decline to examine the questions sought to be presented, so far as they relate to rulings of the court upon the evidence. *Hamilton* v. *Gordon,* 22 Or. 557 (30 Pac. 495) ; *O'Connor* v. *Van Hoy,* 29 Or. 505 (45 Pac. 762) ; *MacMahon* v. *Duffy,* 36 Or. 150 (59 Pac. 184.)

It follows from these considerations that the motion should be denied, and it is so ordered.

MOTION DENIED.