Argued January 24, decided January 30, 1912.

## VAN DE WIELE v. GARBADE.

[120 Pac. 752.]

ACTION—LEGAL OR EQUITABLE—"ACTION AT LAW"—"SUIT IN EQUITY."

1. Though Section 1, L. O. L., abolishes the difference between forms of action at law, the difference between "actions at law," which include those cases where the relief sought consists in the direct recovery of real or personal property, or some amount of money only, and "suits in equity," arising when the requisite relief cannot be adequately administered by an action at law, is maintained.

ACTION—ACTION AT LAW—ACTION FOR FRAUD.

2. An action for damages for fraud inducing the purchase of corporate stock is an action at law.

APPEAL AND ERROR—FINDINGS OF COURT IN ACTION AT LAW—CON-
CLUSIVENESS.

3. The findings of the court, in an action at law, are under Section 159, L. O. L., deemed a verdict, and where there is any competent testimony supporting the findings they cannot be disturbed.

EXCEPTIONS, BILL OF—TRANSCRIPT OF TESTIMONY—CERTIFICATION BY
OFFICIAL STENOGRAPHER.

4. A transcript of the testimony at the trial, certified by the official stenographer, but not certified or identified by the trial judge, is not

a bill of exceptions, so as to authorize the court on appeal to consider technical objections to the matters set out in the transcript.

ELECTION OF REMEDIES—FRAUD—REMEDIES.

5. A party who has been induced by fraud to enter into a contract, on the discovery of the fraud, may affirm the contract and sue for damages, or disaffirm the contract and be reinstated in the position in which he was before the contract was made; but the remedies are inconsistent and the adoption of one excludes the other.

FRAUD—SALE OF CORPORATE STOCK—ACTIONS—DAMAGES.

6. A complaint, in an action for fraud inducing the purchase of corporate stock, which alleges that, as an inducement to purchase, defendant fraudulently, to deceive plaintiff, and to induce the purchase, represented that the stock was worth more than par, and that the business of the corporation was in a good condition, and on a paying basis, and that the representations were false and relied on by plaintiff, and which tenders to defendant the stock properly indorsed, states a cause of action for damages for fraud; and a mere return of the stock does not prejudice such action.

FRAUD—SALE OF CORPORATE STOCK—CONTRACTS—MEASURE OF DAMAGES.

7. The measure of damages for fraud inducing the purchase of corporate stock is the difference between what the buyer paid for the stock and the reasonable value of the stock at the time of purchase; and where the stock was worthless the measure of damages is the amount paid for the stock.

TRIAL—TRIAL BY COURT OF ACTION AT LAW—WEIGHING TESTIMONY.

8. The judge, trying an action at law without a jury, is governed by the rules governing a jury in considering the testimony, and, under Section 868, subd. 2, L. O. L., is not bound to find in conformity with the declarations of any number of witnesses which do not produce conviction in its mind, against a less number, or a presumption, or other satisfying evidence.

FRAUD—REPRESENTATIONS OF FACT.

9. A statement that a corporation is solvent and on a paying basis is a statement of fact, and, when false, inducing a purchase of stock of the corporation, it may be made the basis of an action for fraud.

FRAUD—MISREPRESENTATIONS—PURCHASE OF CORPORATE STOCK — EVIDENCE.

10. Evidence *held* to support a finding that a seller of corporate stock fraudulently represented that the corporation was solvent and on a paying basis, justifying the buyer, relying on the representation, to sue for fraud.

From Multnomah: EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by D. L. Van de Wiele against T. A. Garbade.

It is substantially alleged in the complaint that about May 21, 1906, the defendant offered for sale to the plaintiff 37½ shares of the capital stock of a corporation, known as the Portland Coffee & Spice Company, for the price of $3,750, the par value of the stock. The gravamen of the complaint is contained in the third paragraph, as follows:

"That, as an inducement to plaintiff to purchase said capital stock, the defendant falsely and fraudulently, and for the purpose of deceiving the plaintiff, and to induce plaintiff to purchase said stock, represented to plaintiff that said capital stock of said corporation was worth more than the par value, and that the business of said corporation was in a good and flourishing condition, and upon a paying basis, and that the stock of goods and other assets of said corporation would inventory to at least equal the par value of the stock of said corporation, over and above all debts and liabilities of said corporation."

The complaint further charges that the representations were false, and were known by the plaintiff to be false; that plaintiff relied upon them being true, and, upon the belief that they were true, by reason of those representations, plaintiff was induced to and did purchase of the defendant the stock in question, and paid therefor the full sum of $3,750. The falsity of the representations, and defendant's knowledge of that falsity, are specifically charged in the complaint. The plaintiff avers that he had no knowledge of the actual condition of the corporation, or of the untruthfulness of the representations, until some time after the purchase of the stock. He then states, in substance, that, having learned that the representations were untrue, that the corporation was insolvent, and the capital stock worthless, he tendered to the defendant the stock, properly indorsed, and demanded a return of his money, all of which was refused. As a final allegation, he says:

"That, by reason of said representations, plaintiff was induced to purchase said stock, and he was and is thereby injured in the sum of $3,750, with interest thereon at the rate of six per cent per annum from the 21st day of May, 1906."

The entire complaint was traversed by the answer, except that the defendant admitted plaintiff had paid him $3,750, and that the shares of stock were issued to plaintiff. After alleging, in substance, that it was not until April 3, 1907, that the defendant had made known his dissatisfaction with the purchase of the stock, and had offered to return it, demanding the purchase price, the defendant alleges an estoppel against the plaintiff substantially on the ground that the latter made the purchase about May 2, 1906, became familiar with the conditions of the corporation, and kept the stock until April 3, 1907, before offering to return it.

The new matter in the answer was materially traversed by the reply. By consent, the action was heard before the court without a jury, and the findings having been made in substantial conformance with the complaint, the defendant appeals from the consequent judgment.

Affirmed.

For appellant there was a brief over the names of *Mr. John F. Logan, Mr. John C. Shillock* and *Mr. Isham N. Smith* with oral arguments by *Mr. Logan* and *Mr. Shillock.*

For respondent there was a brief with an oral argument by *Mr. Ralph E. Moody.*

Mr. Justice Burnett delivered the opinion of the court.

1. The appellant seems to proceed in this court as if the cause were one of equitable cognizance, while the respondent contends that it is an action at law. The distinction between mere forms of action at law has been abolished in this State by our code (Section 1, L. O.

L.) ; but the difference between actions at law and suits in equity is still maintained: *Ming Yue* v. *Coos Bay Railroad Co.*, 24 Or. 392 (33 Pac. 641) ; *Becannon* v. *Liebe*, 11 Or. 443 (5 Pac. 273) ; *Willis* v. *Crawford*, 38 Or. 523 (63 Pac. 985: 53 L. R. A. 904) ; *State ex rel. Taylor* v. *Lord*, 28 Or. 498 (43 Pac. 471: 31 L. R. A. 473).

2. The differentiation of characteristics pertaining to actions at law and suits in equity is grounded, in a general sense, upon the nature of the relief desired. It may be thus stated: Actions at law include those cases where the relief sought consists in the direct recovery of certain real or personal property, or some amount of money only. Suits in equity arise when the requisite relief cannot be adequately administered by an action at law, by reason of the universality of its results in the recovery of money or property only. Van Santvoord's Equity Practice (3 ed.) p. 25. Under these principles, the present litigation is clearly an action at law, because it is for recovery of damages only. The remedy at law is amply adequate to obtain the only relief that can be had in the class of actions stated in the complaint.

3. It being an action at law, the findings of the court therein are deemed to be a verdict. Section 159, L. O. L. There is no bill of exceptions in the record; hence we can only examine the case to see whether there is any competent testimony to support these findings: *Salem Traction Co.* v. *Anson*, 41 Or. 562 (67 Pac. 1015: 69 Pac. 675) ; *City of Salem* v. *Anson*, 40 Or. 339 (67 Pac. 190: 56 L. R. A. 169: 8 Mun. Corp. Cas. 701) ; *Astoria Railroad Co.* v. *Kern*, 44 Or. 538 (76 Pac. 14) ; *Flegel* v. *Koss*, 47 Or. 366 (83 Pac. 847) ; *Seffert* v. *Northern Pac. Ry.*, 49 Or. 95 (88 Pac. 962) ; *Courtney* v. *Bridal Veil Box Factory*, 55 Or. 210 (105 Pac. 896).

4. In consonance with this theory that this is a suit in equity, the defendant has brought here what purports to

be a transcript of the testimony heard at the trial, certified by an official stenographer, and liberally interspersed throughout with the "mutual altercations" of counsel, the remarks of the court, and great numbers of the statement, "we expect to the ruling of the court," and the like. This is not certified or identified in any manner by the trial judge, and does not constitute a bill of exceptions so far as to authorize us to consider every technical objection that might be unearthed by a detailed search through the mass of papers thus returned: *Eaton* v. *Oregon R. & N. Co.,* 22 Or. 498 (30 Pac. 311) ; *Tucker* v. *Salem Flouring Mill Co.,* 15 Or. 585 (16 Pac. 426) ; *State* v. *Jarvis,* 18 Or. 366 (23 Pac. 251) ; *Janeway* v. *Holston,* 19 Or. 98 (23 Pac. 850) ; *Reynolds* v. *Jackson County,* 33 Or. 422 (53 Pac. 1072) ; *Fiore* v. *Lass,* 22 Or. 202 (29 Pac. 435) ; *State* v. *Drake,* 11 Or. 396 (4 Pac. 1204) ; *Nosler* v. *Coos Bay Nav. Co.,* 40 Or. 308 (63 Pac. 1050: 64 Pac. 855) ; *Baker County* v. *Huntington,* 48 Or. 593 (87 Pac. 1036: 89 Pac. 144) ; *Bigelow* v. *Columbia Min. Co.,* 54 Or. 453 (103 Pac. 57, 1007). However, as counsel on both sides made liberal quotations from the reporter's extended notes of the testimony, we have considered them only for the purpose stated.

5. In *Scott* v. *Walton,* 32 Or. 460, 464 (52 Pac. 180, 181), this court laid down the rule, in the opinion by Mr. Justice BEAN, as follows:

"A party who has been induced to enter into a contract by fraud has, upon its discovery, an election of remedies. He may either affirm the contract and sue for damages, or disaffirm it and be reinstated in the position in which he was before it was consummated. These remedies, however, are not concurrent, but wholly inconsistent. The adoption of one is the exclusion of the other. If he desires to rescind, he must act promptly and return, or offer to return, what he has received under the contract. He cannot retain the fruits of the contract, awaiting

future developments, to determine whether it will be more
profitable for him to affirm or disaffirm it. Any delay
on his part, and especially in remaining in possession of
the property received by him under the contract, and deal-
ing with it as his own, will be evidence of his intention
to abide by the contract."

6, 7. This is an action of damages, and does not neces-
sarily proceed upon a rescission of the contract. True
enough the plaintiff brings into court the certificates
of stock, alleging a previous tender and demand of the
money; but this is not controlling in the premises. After
verdict, the pleading may be well construed to be an action
for damages proceeding upon the affirmance of the con-
tract. On this theory, if the plaintiff is successful, his
measure of damages would be what he paid for the stock,
after deducting from that sum the reasonable value of
the stock at the time of purchase. If, in fact, the stock
was utterly worthless, his measure of damages in the
action at law would be the full amount he paid; for in
the final calculation there would be nothing in the shape
of stock value to diminish the purchase price. If the
stock had no value, the reason for the distinction in law
between an action in affirmance of the contract and an
action in disaffirmance of the same would fail, and the
reason having failed the distinction itself would fail.
Under such circumstances, to return the stock is a mere
act of grace, which does not prejudice the action for
damages.

In harmony with the principle that the plaintiff must
maintain his cause of action by a preponderance of the
testimony, the defendant contends that where there is an
issue of fact, and the plaintiff supports the allegation in
his complaint by his deposition and no other testimony,
and the defendant in his deposition denies these allega-
tions, there is no preponderance of proof, and argues
that such is the situation in the case at hand. But, in our

judgment, there are circumstances in evidence, detailed by other witnesses than either the plaintiff or the defendant, tending to coroborate the plaintiff's contention. There are expressions in the opinions in *Smith* v. *Griswold,* 6 Or. 440; *Rolston* v. *Markham,* 36 Or. 112 (58 Pac. 1099), and *Powers* v. *Powers,* 46 Or. 479 (80 Pac. 1058), which, in proper cases, would sustain the principle for which the defendant contends. Those cases, however, were all suits in equity, which, under the rule, were tried anew in this court upon the issues presented in the circuit court. This court was necessarily compelled to pass upon the weight of the testimony appearing in the record. The expressions to which allusion has been made were only reasons given by the court, as a trier of the facts, for its estimate of the weight of the testimony. They are not applicable to this action at law, for the reason that this court, in the absence of a bill of exceptions, cannot disturb the findings of fact in the court below; it being a verdict, as already noted, if there is any competent testimony tending to support those findings.

8. The judge of the trial court, when hearing the case without a jury, is bound by the same rules, and is invested with the same authority as a jury, so far as the determination of matters of fact is concerned. One of the rules governing the consideration of testimony by a jury is that "they are not bound to find in conformity with the declarations of any number of witnesses which do not produce conviction in their minds against a less number or against a presumption, or other evidence satisfying their minds." Section 868, subd. 2, L. O. L. Whatever might be our conclusion as to matters of fact upon the whole testimony, if we were hearing this case as a suit in equity, we cannot, in this action at law, invade the province of the trier of the facts in the court below, merely because he was a judge, instead of a jury.

9. In the third finding of fact, the circuit court determined:

"That as an inducement to plaintiff to purchase. said capital stock, the defendant falsely and fraudulently, and for the purpose of deceiving plaintiff, and to induce the plaintiff to purchase said stock, represented and caused to be represented to plaintiff that said capital stock of said corporation was worth at least the par value thereof, and that the business of said corporation was solvent and upon a paying basis."

Conceding, without deciding, that the statement to the effect that the capital stock was worth at least the par value thereof was a mere expression of opinion, and not a statement of a fact, the assertion that the business of the corporation was solvent and upon a paying basis is a statement of fact, capable of being proved or disproved.

10. Although denied by the defendant, the testimony of the plaintiff is competent to prove the assertions attributed to the defendant. The testimony of the plaintiff as to the untruthfulness of those representations, based upon his subsequent discovery, is also competent for the proof of that fact. That the corporation was not solvent, and was not upon a paying basis, is corroborated by the testimony of the president of the company to the effect that, as worked out in liquidation, the stock proved to be worthless. It is also corroborated by the facts appearing in evidence that the corporation was continually going deeper and deeper into debt; that, although dividends had formerly been declared, of late years there were none; and that, while upon paper the assets equaled the liabilities, yet, at the first touch of financial adversity, the bubble burst, and the corporation was compelled to go into liquidation. As to the weight of the testimony upon these matters, we express no opinion. All we can say is that they constitute competent testimony upon

which the court below was justified in returning the findings of fact and conclusions of law as stated. The learned judge who presided at the trial had the opportunity of seeing and hearing the witnesses and observing their manner upon the stand, and, even if we were authorized to go into the merits of the testimony, his learning, experience, and quality as a jurist would have great weight with us in arriving at the conclusion in harmony with his views.

It follows that the judgment of the court below must be affirmed.          AFFIRMED.

---

Dismissed and affirmed without an opinion July 5. Motion of appellant to reinstate appeal denied September 12. On rehearing appeal reinstated and motion to dismiss denied October 10. On the merits affirmed November 28, 1911. Rehearing denied February 6, 1912.