[Filed May 12, 1890.]

## MARY M. RHODES, Appellant, *v.* JOHN McGARRY, ZOETH HOUSER, J. W. FLACK, ELIZABETH HARDWICK and I. R. DAWSON, Respondents.

Attaching Creditor When not Deemed a Purchaser in Good Faith Under Section 150, Hill's Code.—An attaching creditor under a writ of attachment levied upon real property, will not be deemed a purchaser in good faith and for a valuable consideration of the property under section 150, Civil Code, as against an owner of a prior equity in the property, unless it appear that the attachment was duly issued and levied upon the property to enforce collection of a valid debt; that a certificate was duly made, delivered, filed and recorded as provided in section 151, Civil Code, and that up to the time of the consummation of these proceedings the creditor had no notice or knowledge of such prior equity.

Equity--Suit to Restrain Sale of Attached Property—Answer—What Must Contain.—And where, in a suit by the owner of the outstanding equity, which included the equitable title to the property, against attaching creditors and others to restrain them from selling it upon executions issued to enforce liens alleged to have been created against it by virtue of attachments proceeding in their favor and against a party in whom the legal title to the property remained; *held*, that an answer filed by them to the complaint in the suit, which merely traversed the plaintiff's allegations and did not set forth affirmatively the issuance of the attachments and other facts above mentioned and referred to, was insufficient to entitle them to claim to occupy the standing of purchasers in good faith of the property.

Attachment—Outstanding Equity—Priority.—The prior outstanding equity held to be paramount to the right acquired by the levy of the attachments.

APPEAL from Umatilla county: JAS. A. FEE, judge.

The appellant commenced a suit against the respondents in the circuit court to reform a deed to real property, executed by the respondent McGarry to appellant; also to restrain the other respondents from selling real property which she claimed was intended to be conveyed to her by such deed.

The appellant alleged in her complaint that on the twenty-fourth day of February, 1885, said McGarry was the owner in fee and in possession of block 285 of the Reserve addition to the town of Pendleton, Umatilla county, and that, on said last-mentioned date, in consideration of $100 paid to him by her, sold to her said block, and for the purpose of conveying it to her executed to her a deed; that the party who wrote the deed erroneously and by mistake wrote therein "Block No. 258" instead of and for "Block No. 285"; that by the mutual mistake of the parties said deed was executed and delivered to appellant in said condition; that under and by virtue thereof and of said sale, appellant entered upon and took possession of block No. 285, and thereafter sold the same to one George Mathews, and executed to him a deed of conveyance to the same containing a general covenant of warranty; that thereafter said Mathews executed a deed to Elizabeth Hardwick conveying to her said block 285, which deed also contained a general covenant of warranty; that the respondent Flack, on the twenty-fourth day of September, 1888, commenced an action in said circuit court against said McGarry to recover the sum of $2,000 and upwards upon a debt claimed to be due him from said McGarry, and sued out a writ of attachment in said action, which was delivered to respondent Houser as sheriff of said county, who, by virtue thereof, proceeded to attach said block 285 as the property of said McGarry; that said Flack subsequently obtained a judgment in said action against McGarry and an order for the sale of said block, and caused an execution to be issued thereon, delivered to said Houser as such sheriff, who, by virtue thereof, was

proceeding to sell the same; that the respondent Dawson, also on said twenty-fourth day of September, 1888, commenced an action in said circuit court against said McGarry, and subsequently obtained a judgment therein against him for $1,200 and upwards, and an order for the sale of said block, and caused an execution to be issued thereon to said Houser as such sheriff, who was threatening to sell said block under and by virtue thereof; that at the time of the attachment of the said block the said Elizabeth Hardwick was in the actual, open and notorious possession of it; that she was unwilling and had refused to be a party plaintiff to the suit and therefore appellant had made her party defendant.    The appellant also alleged notice and knowledge upon the part of the respondents Houser, Flack, and Dawson, of the alleged mistake in the deed of conveyance from McGarry to her, and also of such possession of said block 285 in her and her said grantees; and also charged in the complaint a conspiracy and confederation on the part of the defendants in the suit to cheat and defraud her and render her liable upon her covenant of warranty contained in her deed to said Mathews, and that for said purpose said Flack and Dawson had caused the said block to be levied upon by said Houser, as such sheriff, under the attachment proceedings.    She also alleged the ordinary facts entitling said circuit court, as a court of equity, to take cognizance of the suit, and demanded as relief that said McGarry be compelled to execute to her a good and sufficient deed to the block, and that said Houser, Flack, and Dawson be enjoined from selling it.

The respondents filed an answer to the complaint denying the allegations contained therein relating to McGarry's ownership of the block, the sale thereof to appellant, the mistake in the deed, the several conveyances thereof, possession of it by the grantees, and the alleged conspiracy and confederation of the respondents; but did not set forth therein any affirmative defense.

The cause was referred to a referee to find the facts and

conclusions of law. The referee subsequently made his report to the court in which he found that said McGarry, at the time alleged in the complaint, was the owner in fee of the block; that at said date he sold it to appellant by deed, but that by mutual mistake of the parties he made, executed and delivered to her a deed conveying block No. 258, instead of said block No. 285, which deed was received by appellant, she then believing it was a deed to said block No. 285, and that said appellant immediately went into possession of the south half of said block No. 285 and remained in possession thereof for nine months; that on May 3, 1887, appellant and her husband, for a valuable consideration, executed and delivered a deed of conveyance of said block No. 285 to one George W. Mathews in which appellant warranted the title as against all lawful claims and demands whatever; that said Mathews took possession of the south half of said block 285, and remained in possession thereof for three months; that on December 6, 1887, said Mathews and his wife, for a valuable consideration, executed and delivered to said Elizabeth Hardwick a deed of conveyance of said block 285, which was valid between the parties and those having notice thereof; that said Elizabeth Hardwick soon thereafter entered into possession of the south half of said block and held possession of the same until about September 1, 1888, at which time she removed therefrom, and has since been residing upon another block in the town of Pendleton, and has only been in possession of said south half of said block 285 by having an enclosure around the same and certain improvements thereon; that said last-mentioned deed contained a covenant of general warranty; that on September 24, 1888, said Flack commenced the action mentioned in the complaint against said McGarry and caused the said writ of attachment to be issued; that it was placed in the hands of said Houser as sheriff of said county of Umatilla for service; that said Houser at that time was the sheriff of said county, and that by virtue of said writ he thereupon attached said block 285; that thereafter judgment was recovered in said

action and an order was made for the sale of said block; that in February, 1889, said Flack caused a writ of execution to be issued on said judgment which was placed in the hands of said Houser as sheriff, who was proceeding to execute the same as alleged in the complaint; that said judgment appears on the records of said county as a lien against said block No. 285; that said I. R. Dawson, on September 24, 1888, commenced an action against said McGarry as alleged in the complaint; that a writ of attachment was issued therein to the sheriff of said county, who, by virtue thereof, duly attached said block No. 285; that judgment was recovered in said action, a writ of execution issued thereon to said sheriff, who was proceeding to enforce the same as alleged in the complaint; that when said actions were brought against said John McGarry and when said attachments were levied upon said block No. 285, there were none of the respondents in such actual, open and notorious possession of any part of said block as to put said Flack, said Dawson, or said Houser, or their agents, upon notice of the rights or interests of said Elizabeth Hardwick, and no one was then living on said block; that said Elizabeth Hardwick has refused to be a party plaintiff in this suit; that no one of defendants Houser, Flack or Dawson had any notice or knowledge of said mutual mistake in the conveyance from McGarry to Mary M. Rhodes prior to the levying of the attachment aforesaid; that the defendants in this suit have not conspired or confederated together to cheat or defraud plaintiff or to make her in any way liable, nor did said I. R. Dawson or said J. W. Flack cause the sheriff of Umatilla county, Oregon, Houser, to levy on said block No. 285 for said or any such purpose, nor did they or either of them know that McGarry had no interest in said block of land, but said levy of said two writs of attachment were made in good faith, and said Flack and said Dawson were unaffected by any knowledge or notice of the rights of appellant or her successors in interest in said block, as there was not such a possession of said Hardwick as to affect them with

notice; that said sheriff Houser was about to and did threaten to sell all of said block 285 by virtue of and under said two executions on March 1, 1889, and said Elizabeth Hardwick did refuse to defend her rights or protect her interest in said block No. 285.

These several findings purport to be findings of fact. The said referee thereupon found as conclusions of law the following:

(1) "That the appellant Mary M. Rhodes is entitled to a decree of this court ordering and directing the respondent John McGarry to make to her a good and sufficient conveyance, if she desire it, in fee of said block No. 285 of the Reserve addition to the town of Pendleton, Oregon, but said appellant is not entitled to any other relief prayed for in her complaint in this suit.

(2) "That the injunction heretofore granted in this suit should be dissolved.

(3) "That the whole of the costs and disbursements in this suit should be taxed against the respondent John McGarry."

Upon the said report being filed, the said circuit court made an order approving the same except as to costs, and ordered that the respondents have and recover costs and disbursements against the appellant. Upon which order the decree appealed from was entered.

*R. J. Slater,* for Appellant.

*W. E. Crews,* for Respondents.

THAYER, C. J., delivered the opinion of the court.

I have read the depositions of the witnesses taken herein and the exhibits submitted in proof, and am of the opinion that they fully sustain the referee in his findings regarding the mistake in the execution of the deed by John McGarry to the appellant.

The testimony shows beyond question that the parties had in view the sale and purchase of block 285 in the Reserve addition to the town of Pendleton, Umatilla

county, Oregon, and that in filling out the said deed the said block was by mistake described as block 258. Said findings, as to the conveyance of said block 285 by appellant to George W. Mathews, his conveyance to Elizabeth Hardwick, and the taking possession of, and occupying the said block by the said parties, respectively, are also fully sustained by the testimony and exhibits. There can be no doubt but that the appellant, as against the said McGarry, is entitled to a decree to compel the reformation of the said deed in the particular referred to. Nor can there be any question but that the appellant, as a matter of justice, should be entitled to a decree against the respondents Houser, Flack and Dawson, enjoining them from proceeding to sell said block upon the judgments and executions referred to in said findings. Said Flack and Dawson are engaged in an attempt to enforce satisfaction of their respective debts against McGarry out of the property of the appellant through a mere technicality of law. They are endeavoring to profit out of an unfortunate mistake, and rely upon the language of the statute governing attachment proceedings to enable them to succeed in their efforts. Section 150, Civil Code, provides that "from the date of the attachment until it be discharged or the writ executed, the plaintiff as against third persons shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal, attached, subject to the conditions prescribed in the next section as to real property." Under this provision of the statute it is claimed upon the part of said Houser, Flack, and Dawson, that they occupy the same position with reference to said block as a purchaser thereof in good faith; and in conseqence of its language, the said referee and circuit court found and determined that the appellant was entitled to no relief in the suit as against said parties. This decision left the appellant no alternative but to acquiesce in the sale of the block for the purpose mentioned, and be ren ered liable upon her covenant of warranty contained in her deed to Mathews.

The respondents did not allege in their answer that the attachment proceedings against said block were taken in good faith, nor attempt to prove it as a fact by any testimony whatever. The only ground upon which they claim to be deemed purchasers in good faith and for a valuable consideration of the property, is, that the said proceedings were duly instituted. If they had purchased the block from McGarry for a valuable consideration, and claimed by virtue of such purchase a right to it, to the exclusion of the equitable title which the appellant had therein, they would have been compelled to allege and prove that they had no notice whatever down to the time of the actual payment of the consideration of any such title, nor of the circumstances alleged in the complaint from which such notice could be inferred; and then they would only have established an equity in themselves equal to that in favor of the appellant, though their having the legal title would give them a superior advantage. The legal title, however, without being coupled with an equal equity, will not prevail over the equitable title. It seems to me that notwithstanding the language of the Code above set out, an attaching creditor, in order to be deemed a purchaser in good faith of the property as against one having an outstanding equity, must allege and prove all the facts necessary to establish that character of ownership in favor of a purchaser of such property as against such an equity. It can hardly be supposed that the legislature intended, by the provision of the Code referred to, to place an attaching creditor upon any more favorable grounds, with reference to his rights in the property attached, than those occupied by a purchaser of the property; nor to deem the former a purchaser in good faith except under the same circumstances in which the latter would be deemed such a purchaser. Any other view would lead to absurd consequences and occasion injustice. It would enable a party to cut off an outstanding equity by resorting to an attachment when he would not be able to accomplish it by a direct purchase of the property. Such a result was obviously not contem-

plated by the adoption of the said provision of the Code.
If this view be correct, it follows that the answer of the
said respondents to the complaint in the suit was not
sufficient to show that they were entitled to the standing
of purchasers of the block in good faith.    The answer filed
by them does not contain any such defense, but confines
itself strictly to a traverse of the appellant's allegations.
If the respondents had desired to claim that they be deemed
purchasers in good faith of the property, they should have
averred the facts which, under the statute, would have
constituted them such, in avoidance of the matters alleged
in the complaint regarding the appellant's equity, and not
have attempted to avail themselves of such defense by
merely controverting those allegations.    Such pleas were
very common under the former equity practice.    The
defendant's statement therein was to the effect that the
complainant may have had an outstanding equity in the
property, but that the former had purchased it in good
faith without notice of such equity, and that therefore the
latter was not entitled to assert or claim the equity.    The
plea did not deny the fact that the complainant did not
have the equity, but it barred his enforcement of it by
alleging the new matter; and the same principle in plead-
ing such matters exists now as formerly, although the
system of pleading has materially changed.

The respondents in this case should have alleged the
facts showing that the attachment proceedings were duly
commenced upon a valid debt; that the block in question
was duly levied upon by the sheriff under the said proceed-
ings; that he made a certificate containing the title of the
cause, the names of the parties, a description of the real
property, a statement that the same had been attached at
the suit of the plaintiffs therein, the date therof, and that
he had delivered such certificate to the county clerk of the
county of Umatilla, and that the latter had duly filed and
recorded it as provided in section 151, Civil Code, and that
they had no notice or knowledge of the mistake in the deed
from McGarry to appellant at the time such proceedings

were taken and had.   These facts, properly set forth in the answer, would doubtless have entitled the attaching creditors to claim, as against the appellant, that they were entitled to "be deemed purchasers in good faith and for a valuable consideration of the property attached."   Instead, however, of pursuing that course, the respondents chose to stand upon a strict denial that such mistake was made. Nor do the proofs submitted at the hearing show facts sufficient to entitle the respondents to claim that they or either of them, under said provision of the Code, should be deemed purchasers of the said block in good faith. The attachment proceedings were not introduced in evidence, and there is nothing to show that any such certificate by the sheriff was delivered to the county clerk, or was filed or recorded by him as provided in said section 151, Code; which, according to said section 150, Code, is a condition to the plaintiff, in an attachment proceeding, being deemed a purchaser in good faith.   The language of the latter section, as will be observed by reference to it, is:   "The plaintiff, etc., shall be deemed, etc., of the property, real or personal, attached, subject to the conditions prescribed in the next section as to real property."

According to this view, the respondents Houser, Flack, and Dawson acquired no rights in the said block under the said attachment proceedings that were not subject to the equity of the appellant therein, whether the possession thereof by the appellant and her grantees was sufficient or not to impart notice to them of such equity.   Their attempt, therefore, to sell the block under the said proceedings was a clear violation of the appellant's rights in the premises and contrary to equity and good conscience.

The decree appealed from will be reversed and a decree entered in this court in accordance with the prayer of the appellant's complaint; and the case be remanded to the said circuit court with directions to enter such decree as the decree of that court, and for such further proceedings as may be necessary to carry the same into effect.