Argued 10 January, decided 23 January, 1906.

**FLEGEL *v.* KOSS.**

83 Pac. 847.

APPEAL — EFFECT OF FINDINGS BY COURT.

1. Under Section 159, B. & C. Comp., providing that in a trial by the court without a jury the findings of fact shall be deemed a verdict, such findings cannot be set aside on appeal if there is any evidence to support them.

LIEN OF ATTACHING CREDITOR — PLEADING LEVY IN GOOD FAITH AND
    WITHOUT NOTICE OF EQUITIES.

2. Under Section 302 of B. & C. Comp., providing that from the date of the attachment until it be discharged or the writ executed, the plaintiff, as against third persons, shall be deemed a purchaser in good faith and for a valuable consideration of the property, etc., an attaching creditor, in order to be deemed a purchaser in good faith as against the owner of an outstanding equity, must allege and prove all the facts necessary to establish that character of his ownership as against the equity; and a reply consisting of only a general denial of the claim of ownership made by defendants in their answer is insufficient to bring plaintiff within the statute.

EVIDENCE COMPETENT TO ISSUES.

3. In attachment, on the issue whether the attachment debtor owned the property attached or had bought the same as agent only, not having sufficient means with which to purchase for himself, evidence as to his financial condition, both on the day of purchase and prior thereto, is admissible.

From Multnomah: JOHN B. CLELAND, Judge.

Action by A. F. Flegel, as trustee in bankruptcy, against Charles Koss & Bros. Co. and others, resulting in a judgment for defendants, from which plaintiff appeals. The case was submitted on briefs, under the proviso of Rule 16 : 35 Or. 587, 600.                    AFFIRMED.

For appellant there was a brief over the names of *Austin F. Flegel*, in pro. per., and *Nathaniel Hart Bloomfield*.

For respondents there was a brief over the name of *Dolph, Mallory, Simon & Gearin.*

MR. JUSTICE HAILEY delivered the opinion of the court.

This is an action upon an undertaking given by the respondents for the redelivery of certain hops, attached as the property of one Phil Neis in an action against him brought by one Estelle Mayer, in which action the appellant herein was substituted as plaintiff. The respondents claimed to own the property attached, and from a judgment in their favor this appeal is taken.

On January 30, 1902, Estelle Mayer commenced an action in the circuit court of Multnomah County against Phil Neis to recover upon a promissory note, and filed her affidavit and undertaking for an attachment, and caused a writ of attachment to be issued, under which the sheriff of that county attached two warehouse receipts, representing 179 bales of hops, as the property of the defendant Neis. The respondents, Chas. Koss & Bros. Co. and Baumbach, Reichell & Co., both eastern corporations dealing in hops, claiming to be the owners of the hops attached, gave to the sheriff an undertaking for redelivery thereof, with the American Surety Co. as surety thereon. The warehouse receipts and hops were then delivered to the respondents. In March following the defendant Phil Neis was declared a bankrupt, and the appellant herein, A. F. Flegel, was elected his trustee in bankruptcy, and by order of the

bankruptcy court was substituted as plaintiff in the case
of Estelle Mayer against Neis, after which he obtained
judgment against Neis for the amount sued for.   On this
judgment an execution was issued to the sheriff of Mult-
nomah County, who made return thereon that the hops
attached had been delivered to the respondents upon
their delivery to him of the undertaking for redelivery,
which he attached to his return.   The American Surety
Co. being the only resident signer of such undertaking,
demand was made upon it for redelivery of the hops.   Upon
refusal to deliver them plaintiff, as trustee in bankruptcy
of Neis and assignee of Estelle Mayer, instituted this action
upon the undertaking for redelivery.   The respondents
filed their answer, denying ownership of the hops by Neis,
and alleging ownership in themselves, to which answer a
reply was filed containing a general denial only.   A jury
trial was waived, and the cause tried by the court, whose
findings of fact and conclusions of law were filed and judg-
ment entered thereon in favor of the respondents.

The real issue in this case was as to who owned the hops
at the time they were attached.   The record shows that on
January 30, 1902, and for several years prior thereto, Phil
Neis, under the trade name of Phil Neis & Co., had been
acting as agent for the respondents, Chas. Koss & Bros.
Co. and Baumbach, Reichell & Co., in buying hops, and
also purchased hops on commission for other persons, for
which they paid him a commission of one half cent a pound
for all hops bought.   On January 30, 1902, Neis bought of
Balfour, Guthrie & Co. 179 bales of hops for $3,973.68, and
gave in payment therefor his check, signed "Phil Neis &
Co." for that amount, and the agent of Balfour, Guthrie
& Co. indorsed upon the two warehouse receipts represent-
ing this amount of hops, the following words : "January
30, 1902.   Deliver the within hops to Phil Neis & Co.
Balfour, Guthrie & Co."   The delivery of this check to

Balfour, Guthrie & Co. was made by Neis' clerk in the office of Balfour, Guthrie & Co., and the warehouse receipts were handed out by the agent, but before Neis' clerk could get possession of them they were snatched up by a deputy sheriff and taken into his possession under the writ of attachment in the case of Mayer against Neis, and never were delivered to Neis or his clerk. The check given by Neis in payment for these hops was drawn upon a bank in Portland where he did business under his trade-name, and in which bank he had about $4,000 to his credit at the time the check was drawn, $1,662.50 of this amount being proceeds of a draft drawn by him that day upon the respondants Chas. Koss & Bros. Co., and the remainder moneys obtained by him upon drafts drawn upon eastern buyers, other than respondent, for whom he was also agent.

The appellant claims that the purchase of these hops by Neis and payment therefor by his check, drawn upon his own bank account, together with the indorsement of the warehouse receipts to him, made Neis the owner of the receipts and the hops; and, further, that, if he was not the owner of all the hops, he was the owner of all except the 70 bales purchased by him with the $1,662.50 received upon the draft from Chas. Koss & Bros. Co. on the day of the purchase of the hops, for the reason that the purchase price for the remaining portion of the hops was paid out of funds standing in the name of Neis received from other sources. On the other hand, the respondents claim that Neis never owned the hops, but, acting as agent, had bought them for the respondents, Chas. Koss & Bros. Co. and Baumbach, Reichell & Co.— 136 bales for the former and 43 bales for the latter. There is evidence that during the year 1901 each of these respondents last named sent money to Neis with which to buy hops, and that he erroneously represented to them that he had bought

47 OR.——24

certain amounts of hops for each and had them in storage, while in fact he was short 66 bales to Koss & Bros. Co. and 43 bales to Baumbach, Reichell & Co. Shortly prior to the buying of these 179 bales from Balfour, Guthrie & Co. he notified Koss & Bros. Co. that he could buy 70 bales for them and received authority to do so, and thereupon drew upon them for the price of 70 bales, $1,662.50, and bought the 179 bales from Balfour, Guthrie & Co., intending thereby to cover his shortage with these firms, the moneys for which he had received long before. The lower court found that in purchasing these hops Neis was acting as agent for respondents, and purchased for them, and not for himself, and that he did not own the hops at the time of the attachment.

1. The errors complained of relate chiefly to the findings of fact made by the court, and attempt to question the sufficiency of the evidence upon which they were based. Under our statute, in a trial by the court without a jury, the findings of the court on the facts shall be deemed a verdict: B. & C. Comp. § 159. In construing this section, this court has repeatedly held that such findings cannot be set aside on appeal if there is any evidence to support them: *Williams* v. *Gallick*, 11 Or. 337, 341 (3 Pac. 469); *Bartel* v. *Mathias*, 19 Or. 482 (24 Pac. 918); *Lovejoy* v. *Chapman*, 23 Or. 571 (32 Pac. 687); *Bruce* v. *Phœnix Ins. Co.*, 24 Or. 486–492 (34 Pac. 16); *Liebe* v. *Nicolai*, 30 Or. 364–367 (48 Pac. 172); *Astoria R. Co.* v. *Kern*, 44 Or. 538 (76 Pac. 14). It is therefore sufficient answer to the appellant's contention on this point to say there is evidence in the record tending to support the findings made by the lower court on the point complained of by the appellant, and it is therefore not for this court to inquire into the sufficiency of such evidence.

2. Appellant further claims that, although Neis might not have been the real owner of the property attached,

he was, by reason of the warehouse receipts having been indorsed to him, and having paid for the hops with his personal check, the apparent owner, and under Section 302, B. & C. Comp., an attaching creditor, such as the appellant's assignor, as against third persons, should be deemed a purchaser in good faith for a valuable consideration of the property attached; and that the respondents are third persons within the meaning of said section. In *Rhodes* v. *McGarry*, 19 Or. 229 (23 Pac. 973), Mr. Chief Justice THAYER, speaking of Section 302, said: "An attaching creditor, in order to be deemed a purchaser in good faith of the property as against one having an outstanding equity, must allege and prove all the facts necessary to establish that character of ownership in favor of a purchaser of such property as against such an equity." The answer in that case did not contain any such defense, but was confined strictly to a traverse of the allegations of the complaint. So it is in this case. The reply is a general denial only of the claim of ownership made by the respondents in their answer. The construction placed upon this section of our Code in the foregoing case has been upheld in the following cases: *Meier* v. *Hess*, 23 Or. 599–601 (32 Pac. 755); *Raymond* v. *Flavel*, 27 Or. 219–248 (40 Pac. 158); and *Dimmick* v. *Rosenfeld*, 34 Or. 101–105 (55 Pac. 100). The appellant, therefore, not having brought himself within the statute by his pleadings, can claim nothing under it.

3. The only remaining assignment of error is based upon the admissibility of the following question asked the witness Neis: "From 1893 up to the 30th day of January, 1902, what was your financial condition as to having means?" Appellant contended that the hops attached belonged to Neis, and that he was a dealer in hops, buying and selling the same; while the respondents claimed that he was only an agent, buying hops for others upon com-

mission, and did not personally deal in hops, and had no means with which to purchase for himself. This being one of the issues, we think it was competent to show his financial condition, both on the day of purchase and prior thereto.

The judgment of the lower court is therefore affirmed.

Affirmed.