Argued May 7, affirmed June 2, 1914.

## GUMM v. FERGUSON.

(142 Pac. 341.)

**Appeal and Error—Record—Matters Presented for Review.**

1.   Where no bill of exceptions is brought up, and it does not appear that any request was made in an action at law tried by the court for other findings, the only question to be considered on appeal is whether there is any competent testimony to support the findings.

**Bills and Notes—Action—Sufficiency of Evidence.**

2.   In an action on a note, in which the defendant filed a counterclaim, evidence *held* to sustain a judgment for defendants for costs.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.   Statement by MR. JUSTICE MOORE.

This is an action by J. J. Gumm against Walter S. Ferguson, Jessie M. Ferguson, William Arthur Ferguson and Florence Ferguson to recover the amount of an alleged promissory note executed by the defendants to the plaintiff November 3, 1909, for $1,925, and payable in 30 days, with interest at the rate of 8 per cent per annum.   The complaint is in the usual form, and avers, *inter alia,* that no payments had been made on account of the note, and that, as stipulated therein, $225 was a reasonable sum as attorney's fees.

The answer denies that no payments have been made or that any sum is reasonable as attorney's fees.   For further defenses counterclaims are set forth, to wit: (1) That by mistake, and in consequence of plaintiff's representations, the defendants on or before January 1, 1912, paid him in excess of the amount of the promissory note the sum of $615, no part of which has been repaid; (2) that on April 11, 1908, the plaintiff executed to the defendants his promissory note for $357, with interest at 8 per cent per annum, no part of which has been paid, and that $50 is a reasonable sum

as attorney's fees as provided for in that note; (3)
that on April 11, 1908, the defendants purchased of the
plaintiff, at $37.25 an acre, a tract of land which con-
tained three acres less than he represented, whereby he
was overpaid $111.75 to which they were entitled; (4)
that on March 1, 1909, the defendants leased 320 acres
of land to the plaintiff, who agreed to farm the same in
a husbandlike manner, and that he neglected to plow
the land at the proper time whereby they sustained
damages in the sum of $2,000.    The prayer of the an-
swer is that the plaintiff take nothing by his action,
and that the defendants recover from him the several
sums stated.

The allegations of new matter in the answer were
denied in the reply, whereupon the cause was tried
without the intervention of a jury, and from evidence
taken the court made findings of fact and of law, and,
based thereon, determined that the plaintiff take noth-
ing by his action, and that the defendants recover from
him only their costs and disbursements herein.    From
this judgment, the plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the names of
*Messrs. Peterson & Bishop, Messrs. Brooks & Bartlett*
and *Mr. James P. Neal,* with an oral argument by *Mr.
J. W. Brooks.*

For respondents there was a brief over the names
of *Mr. Frederick Steiwer* and *Mr. John C. Hurspool,*
with an oral argument by *Mr. Steiwer.*

MR. JUSTICE MOORE delivered the opinion of the
court.

1. No bill of exceptions has been brought up, nor
does it appear that any request was made by plain-

tiff's counsel for other or different findings than such as were made. In this condition of the record of the trial of the cause the only question to be considered is whether or not any competent testimony was received tending to support such findings: *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847); *Van de Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752); *Walker* v. *Warring,* 65 Or. 149 (130 Pac. 629).

2. It is admitted by the plaintiff as a witness in his own behalf, that prior to the commencement of this action he had received from the defendants sums of money and articles of personal property accepted at stipulated values exceeding the amount of the note sued on. He insists, however, that such payments were made and property delivered without any directions as to the manner of applying the credits, and that he indorsed them upon an unsecured promissory note of $2,125 executed to him by the defendants, which negotiable instrument he had lost. The defendants severally testified that they had never given him any such promissory note.

It appears from a transcript of the testimony that on April 11, 1908, the plaintiff and his wife sold and conveyed to the defendants 917 acres of land in Walla Walla County, Washington, at $37.25 an acre, amounting to $34,158.25, subject, however, to a mortgage of $15,579.91, the payment of which the purchasers assumed, so that the consideration stipulated for was $18,578.34. This purchase price was evidenced in part by promissory notes executed at the time of the conveyance by the defendants to the plaintiff for $3,500, maturing October 1, 1908, and $8,079 a year later, both notes being secured by a mortgage of such real property, and the former by a chattel mortgage of the crop growing upon the premises. The difference between

the sums of these promissory notes and the price
agreed to be paid for the land so conveyed is $6,999.91,
which remainder the defendants severally testified was
paid by a conveyance of 320 acres of land in the same
county and state executed to the plaintiff's wife, Sarah
J. Gumm, April 11, 1908, by the defendant William A.
Ferguson and his wife for the agreed consideration of
$9,000, subject, however, to a mortgage of $2,000, the
payment of which was assumed by Mrs. Gumm, so that
the price, according to the defendants' theory, was
$7,000, thereby overpaying the remainder by 9 cents.
A duly authenticated copy of the deed last referred
to was received in evidence showing an expressed con-
sideration of $10,000, and reciting that the premises
were free from all encumbrances except a mortgage for
$2,000 and accrued interest.

The testimony of the plaintiff and of his witnesses
is to the effect that the 320 acres of land so conveyed
to Mrs. Gumm were accepted at an agreed price of
$22.50 an acre, or $7,200, less the mortgage, which, with
accrued interest, amounted to $2,032.90, thereby fixing
the purchase price of such realty at $5,167.10.    No at-
tempt was made by plaintiff's counsel to explain how
the difference of $1,832.81 existing between the asserted
consideration last stated and $6,999.91, the admitted
remainder of the purchase price of the 917 acres, was
evidenced.

The testimony of the defendants is, in substance,
that they sold the 917 acres of land November 3, 1909,
when there remained as a part of their $11,579 mort-
gage on the premises only $1,925, to evidence which
they executed to the plaintiff a promissory note there-
for, which negotiable instrument, though fully paid, is
sued upon herein, and that when the latter note was
given they were informed by the plaintiff that $1,925

was the entire debt then due or owing from them to him.

The plaintiff and his witnesses testify that the defendants had given him another promissory note for $2,125; that a note for that sum, purporting to have been executed to Gumm by the defendants, had been exhibited by him to some of the witnesses; and that such instrument had indorsed thereon partial payments.

Whether or not the evidence preponderates in favor of either party cannot be determined on this appeal, and, since competent testimony was received upon which the court's determination could have been based, the judgment should be affirmed, and it is so ordered.

AFFIRMED.