Argued March 6, reversed and decree rendered March 13, opinion sustained on rehearing April 10, 1917.

## METROPOLITAN INVESTMENT & IMPROVEMENT CO. *v.* SCHOUWEILER.

(163 Pac. 599; 164 Pac. 370.)

Execution—Suit to Enjoin Sale—Creditor's Burden—Statute.

1. Under Section 301, L. O. L., providing that from the date of the attachment until its discharge or the writ executed plaintiff, as against third persons, shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal, attached, it is necessary for the attaching creditor, in suit to enjoin

sale, to allege and prove that he had no notice of plaintiff's un-recorded deed when his attachment was levied, since the legislature did not intend to put the attaching creditor in any better position than the holder of a subsequent deed from defendant in the attachment action.

#### Execution—Suit to Enjoin Sale of Property—Sufficiency of Evidence.

2.  In suit to enjoin an attaching creditor and the sheriff from selling land levied upon, evidence *held* insufficient to establish that, when his attachment was levied, the attaching creditor had no knowledge of the existence of plaintiff's unrecorded deed from defendant in the attachment action.

#### Execution—Suit to Enjoin Sale of Property—Levy of Attachment—Burden of Proof.

3.  In such suit the burden was on the attaching creditor ·to prove that his attachment was duly levied, and that all of the statutory requirements appertaining thereto were complied with.

#### Attachment—Affidavit—Statute.

4.  By direct provision of Section 296, L. O. L., plaintiff seeking to secure a writ of attachment must show by affidavit that the ·action is not prosecuted to hinder, delay or defraud any creditor of the defendant; also that plaintiff's debt is unsecured.

#### Attachment—Affidavit—Judgment.

5.  Judgment recovered against defendant in suit wherein an attachment was levied on his land does not establish, as against a party holding deed from him, that there was a proper affidavit for attachment, as required by Section 296, L. O. L.

#### Execution—Suit to Enjoin Sale of Property—Issue of Attachment—Burden of Proof.

6.  In suit to enjoin an attaching creditor and the sheriff from selling land levied upon, the burden was on the attaching creditor to sustain the burden of proof devolving upon him under the issue whether the attachment was duly and regularly issued.

### ON REHEARING.

#### Appeal and Error—Findings of Fact—Equity Case.

7.  Findings of fact by the trial court, though supported by evidence, are not conclusive, but only persuasive, on appeal, in an equity case, which is tried anew in the appellate court.

#### Execution—Suit to Enjoin Sale—Regularity of Attachment—Summons.

8.  Defendants in a suit to enjoin an execution sale, in which to substantiate their superior right they must show a valid attachment, must plead and prove issuance of summons in the action in which the attachment was sued out, as under Section 295, L. O. L., such writ could not be legally secured till summons had issued.

[As to injunction to restrain sale of personal property under execution, see note in 111 Am. St. Rep. 97.]

From Multnomah: WILLIAM N. GATENS, Judge.

The Metropolitan Investment & Improvement Company, a corporation, brought this suit against M. E. Schouweiler and T. M. Hurlburt, sheriff of Multnomah County. From a decree dismissing the complaint, plaintiff appeals. Reversed and decree entered in accordance with the prayer of the complaint.

Department 2. Statement by MR. JUSTICE MCCAMANT.

This is a suit brought to enjoin the defendants from selling on execution Lot 2 in Block 9 North Albina Addition to the City of Portland. It appears that this property, prior to May 22, 1914, belonged to one S. R. Clinton and that on that date he made, executed and delivered a conveyance of the property to plaintiff. Plaintiff neglected to record this conveyance until July 2, 1914. In the meantime under date of June 4, 1914, the defendant Schouweiler brought an action against Clinton in the Circuit Court of Multnomah County and sued out a writ of attachment therein. On the same day the sheriff of Multnomah County attached the property under the authority of this writ. The defendant Schouweiler subsequently secured judgment against Clinton and an order for the sale of the attached property. Execution was sued out on this judgment and lodged with the defendant Hurlburt as sheriff, and he proceeded to advertise the property for sale. Thereupon plaintiff brought this suit praying for an injunction and for a decree removing the cloud of this attachment from plaintiff's title. From a decree dismissing its complaint plaintiff prosecutes this appeal. REVERSED. DECREE RENDERED.

For appellant there was a brief and an oral argument by *Mr. W. B. Shively.*

For respondents there was a brief over the names of *Mr. Dan E. Powers* and *Mr. Walter S. Hufford,* with an oral argument by *Mr. Powers.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

It is provided by Section 7129, L. O. L., as amended in 1911 that:

"Every conveyance affecting the title of real property within this State hereafter made, which shall not be recorded as provided in this title, shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly filed for record."

The statutes of Oregon on the subject of attachment contain the following provision, Section 301, L. O. L.:

"From the date of the attachment, until it be discharged or the writ executed, the plaintiff, as against third persons, shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal, attached."

The defendant Schouweiler relies on these sections of the code and claims that under them his attachment takes precedence of plaintiff's unrecorded deed. There can be no doubt of the correctness of this conclusion if the defendant Schouweiler has brought himself within the operation of Section 301.

The evidence shows clearly that plaintiff's deed was based on a valuable consideration and that plaintiff is without fault except for its delay in recording its deed.

1. This court has been called upon several times to interpret Section 301, L. O. L., in its application to this

state of facts. It is well settled that the legislature did not intend to put the attaching creditor in any better position than the holder of a subsequent deed from the defendant in the attachment action. It is accordingly held that it is necessary for the attaching creditor to allege and prove that he had no notice of the unrecorded deed when his attachment was levied: *Rhodes* v. *McGarry,* 19 Or. 222, 228–231 (23 Pac. 971); *Flegel* v. *Koss,* 47 Or. 366, 371 (83 Pac. 847).

The allegations of the defendant Schouweiler meet this requirement but his proofs do not. He testifies that his last conversation with S. R. Clinton prior to the litigation took place between the 20th and 25th of April, 1914. This was about a month prior to the execution of the deed under which plaintiff claims. Mr. Schouweiler further testifies:

"Q. Did you ever see Mr. Clinton after that?
"A. Never saw him after that.
"Q. Did Mr. Clinton ever tell you that he had sold, traded or exchanged the property?
"A. Never did, said he had not."

The foregoing is the extent of this defendant's testimony on the subject. It negatives only one source of information.

2. It falls short of establishing that at the time when his attachment was levied the defendant Schouweiler had no knowledge of the existence of plaintiff's deed. Plaintiff has joined issue on this defendant's allegations on the subject in question and manifestly there is a failure of proof.

3. The burden also devolved on the defendant Schouweiler to prove that his attachment was duly levied, that all of the statutory requirements appertaining thereto were complied with: *Rhodes* v. *McGarry,* 19 Or. 222, 230 (23 Pac. 971).

4, 5. Under the provisions of Section 296, L. O. L., a plaintiff seeking to secure a writ of attachment must show by affidavit that the action is not prosecuted to hinder, delay or defraud any creditor of the defendant; also that plaintiff's debt is unsecured. It appears that there was an affidavit for attachment in the action against Clinton, but it was not offered in evidence in the case at bar, nor was evidence received as to its contents. The record therefore fails to show a compliance with these requirements of the statute. If they were not complied with the attachment was not issued lawfully and the defendant Schouweiler can maintain no rights thereunder as against plaintiff. The judgment recovered against Clinton does not establish these facts against plaintiff: *Barnes* v. *Spencer,* 79 Or. 205, 215–218 (153 Pac. 47).

6. Plaintiff denies that the attachment "was duly and regularly issued." The defendant Schouweiler has failed to sustain the burden of proof devolving upon him under this issue.

The practical effect of the decree of the lower court is to compel plaintiff to pay Clinton's debt. We are therefore subjecting the defendant Schouweiler to no hardship when we require him to prove by unequivocal evidence those facts without which he cannot be held to be a purchaser in good faith and for a valuable consideration of the property in question.

It follows that the decree of the lower court should be reversed and one entered here in accordance with the prayer of the complaint.

REVERSED.    DECREE RENDERED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.

Former opinion adhered to April 10, 1917.

### ON REHEARING.

(164 Pac. 370.)

On petition for rehearing, former opinion adhered to.

*Mr. Dan E. Powers* and *Mr. W. S. Hufford,* for the petition.

*Mr. W. B. Shively, contra.*

Department 2.   MR. JUSTICE MOORE delivered the opinion of the court.

7. In a petition for a rehearing it is maintained that an error was committed in disturbing the findings of fact made by the trial court.   The transcript does not contain a copy of such findings if any were made. This is a suit in equity which is tried anew in this court, and in such cases findings made by the lower court are only persuasive.   Attention is called to the rule prevailing in the trial of actions at law on appeal from a judgment given upon findings of fact made by the lower court in a cause tried without the intervention of a jury.   In such cases the findings of fact when supported by any evidence are conclusive.   That legal principle, however, has no application to the trial of an appeal from a decree in a suit in equity.

8. The pleadings in this suit nowhere allege that a summons was ever issued in the action in which the attachment was sued out.   No writ of that kind could legally have been secured until the summons had been issued: Section 295, L. O. L.   It was incumbent upon the defendants, in order to substantiate their superior

right to the real property attached, to allege and prove every step leading up to the filing of the certificate of attachment; but they having failed in the particular mentioned, we adhere to our former opinion.

Reversed.    Opinion Adhered to.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McCamant concur.