Argued January 11, affirmed January 25, 1956

## ROCK ET AL *v.* GADBERRY ET AL

292 P. 2d 1085

Frederic H. Starkweather, Jr., of Gold Beach, argued the cause for appellants. On the brief were Shaw, Starkweather and Taylor.

Ed F. Ackley, of Brookings, argued the cause and filed a brief for respondents.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PER CURIAM.

Plaintiffs appeal from a judgment of non-suit granted defendants in an action for conversion of certain logs allegedly under attachment.

On August 1, 1951, plaintiffs commenced an action in the circuit court of Curry county against Robert Nyberg and Jane Doe Nyberg, his wife, to recover monies allegedly owing plaintiffs by said Nybergs. Pursuant to a writ of attachment issued in said proceedings, the sheriff of said county, according to his return on said writ, attached "all logs in pond and all logs adjacent to pond of Nyberg Mill belonging to Richard Nyberg and Jane Doe Nyberg his wife * * * by posting notice of attachment on logs and putting D. Wilcox in charge as sheriff's keeper."

From the evidence it appears that the Nybergs closed their mill on June 27, 1951, and thereafter, on or about July 26, 1951, defendants bought the property on which said mill and a log pond were located and went into possession of the same. At the time of the alleged attachment the pond in which the logs were

located was in the possession of defendants. The court granted the non-suit on the ground that there was no evidence introduced at the trial that defendants converted the logs in question.

█ Plaintiffs admit there is no direct evidence of the conversion. They claim, however, that since the defendants were in possession of the mill and log pond when the logs were attached and since thereafter the logs disappeared, an inference would arise that the defendants had disposed of the logs. Such inference could not be indulged in because as shown by the return of the writ of the sheriff in the attachment proceedings, a keeper was put in charge of the logs. The sheriff, therefore, through his keeper, and not the defendants, had possession of the logs. We agree with the trial court that there was no evidence that the defendants converted the logs.

█ There is a further reason why a non-suit was properly granted and that is that there was an improper attachment in the case of plaintiffs v. Nybergs. It is conceded that the logs were in the possession of the defendants at the time of the alleged attachment. Where personal property is in the possession of a third party, such property cannot be attached by seizure of the same. In such a case to effectuate a legal attachment a notice of garnishment must be served on the party in possession. ORS 29.170. See *Lewis v. Birdsey and Cooper,* 19 Or 164, 26 P 623. This the plaintiffs did not do. For one to acquire a special interest in personal property by attachment, a strict compliance with the statute authorizing the same must be pleaded and proved. See *Bankers' Discount Corp. v. Noe,* 116 Or 570, 242 P 610.

Affirmed.